Mary MENDOZA, Appellant,

v.

RANGER INSURANCE
COMPANY, Appellee.

No. 2–87–210–CV.

Court of Appeals of Texas,
Fort Worth.

June 22, 1988.

Kugle, Stewart, Dent & Frederick, J.
Stewart Bass and Dwain Dent, Fort Worth,
for appellant.

Bankston & Lobingier, William D. Kane,
Fort Worth, for appellee.

Before FENDER, C.J., and
KELTNER and LATTIMORE, JJ.

## OPINION

FENDER, Chief Justice.

This is an appeal from a workers' compensation case tried before a jury primarily on the issue of the extent and duration of an injury. The trial court, based on the jury's answers to special issues, held appellant, Mary Mendoza, incurred total incapacity for a duration of four weeks. Appellant appeals from this adverse jury verdict.

We reverse and remand.

At the conclusion of the initial voir dire by the court and prior to impaneling of the jury, appellant's counsel moved for a mistrial and requested that a new panel of prospective jurors be drawn because a disproportionate number of jurors were from a single occupation. After six jurors were excused for cause and one for personal emergency, ten of the remaining twenty-one jurors identified teaching as their occupation. Appellant's motion was overruled.

In support of plaintiff's first amended motion for new trial, appellant took the sworn testimony of Thomas P. Hughes, District Clerk, and Ouida Stevens, Deputy District Clerk and Administrative Assistant to the Administrative Judge for Tarrant County. Several key facts were brought forth by the testimony. The morning the

trial started, June 8, 1987, 550 jurors were called by the Administrative Judge of Tarrant County from a random list generated by data processing. Generally, those persons who postpone their jury service are placed on a transfer list, and teachers are often granted transfers in the months of March, April, and May. A transfer list was used on June 8, 1987. The computer list of 550 people and the transfer list were not mixed or shuffled prior to the first assignment to a court. The usual procedure is that the first round of jurors is drawn from the transfer list; those jurors returning to the Central Jury Room who were not selected as jurors on the first round are then randomly mixed before being sent out again to another court. Jurors are assigned to courts from the Central Jury Room in numerical order; thus, the 67th District Court on June 8, 1987, received a panel of prospective jurors composed entirely of persons on the transfer list.

Appellant's first point of error contends that she was denied her constitutional right to a fair and impartial jury by the lack of randomness in the impaneling process, and that appellant's counsel properly preserved error of the purported improper impaneling of jurors.

TEX. GOV'T CODE ANN. sec. 62.011 (Vernon 1988) provides for interchangeable juries in counties with at least three district or criminal district courts, as in Tarrant County. The Texas Supreme Court has ruled that in counties governed by the interchangeable jury statute "[o]bjection to the jury panel therefore must be presented to the judge charged with organizing and impaneling the jurors for the week." *State ex rel. Hightower v. Smith*, 671 S.W.2d 32, 36 (Tex.1984); *Texas Emp. Ins. Ass'n v. Burge*, 610 S.W.2d 524, 525 (Tex.Civ.App.— Beaumont 1980, writ ref'd n.r.e.); *Texas & New Orleans Railroad Co. v. Jacks*, 306 S.W.2d 790, 794 (Tex.Civ.App.—Beaumont 1957, writ ref'd n.r.e.).

It is the practice of the judge of the 67th District Court to conduct a preliminary voir dire at which time the court asks the occupations of the panel members. Tarrant County does not provide juror cards, nor is there any preliminary indication of whether jurors are serving pursuant to a postponement. In the instant case, the panel members' answers revealed that a substantial number of panelists were teachers. Immediately thereafter, appellant's counsel objected to the panel and moved for a mistrial on the basis that ten members of the original panel of twenty-seven were teachers. He additionally pointed out to the court that six panelists were struck for cause leaving only twenty prospective jurors. Out of this number, ten were teachers.

■ While there is authority holding that a party seeking to object to the randomness of a jury panel must present the objection to the judge charged with organizing and impaneling the jurors for the week, the application of this rule to the facts of the instant case results in a denial of the right to a trial before a jury that represents a cross section of the community. The rule puts an unreasonable and impractical burden on a party who is faced with a jury panel which is impermissibly selected. The first time appellant knew the basis for and had an opportunity to object to the randomness of the jury panel was during the voir dire examination in the courtroom. At this point, the time to make objections to the impaneling judge was long past; thus, appellant was denied the opportunity to preserve error in objecting to the manner in which the jury panel was assembled.

Moreover, those cases cited in support of the rule requiring that objections to the jury panel be presented to the judge charged with impaneling the jurors for the week are distinguishable from the instant case. Each of these cases contained an alleged error in the procedure of impaneling jurors which could have been detected during the initial organizing and impaneling process, but none of the cases cited dealt specifically with the lack of randomness of juror placement. *See State ex rel. Hightower*, 677 S.W.2d at 36 (the jury was not selected in compliance with the jury wheel statute); *Texas Emp. Ins. Ass'n*, 610 S.W.2d at 525 (juror excused for unauthorized and illegal reasons); *Texas & New*

*Orleans Railroad Co.*, 306 S.W.2d at 794 (improper excuses granted for prospective jurors).

Every citizen is entitled to a fair and impartial trial before an impartial jury, fairly representative of the community. *Thiel v. Southern P. Co.*, 328 U.S. 217, 66 S.Ct. 984, 90 L.Ed. 1181 (1946); *Brooks v. Beto*, 366 F.2d 1, 11 (5th Cir.1966), *cert. denied*, 386 U.S. 975, 87 S.Ct. 1169, 18 L.Ed.2d 135 (1967). Appellant was denied this right because the panel from which she was forced to choose her jury was impermissibly assembled. The jury was not a randomly selected cross section of the community. The necessity to prevent the subtle erosion of the standards of the jury system does not require a showing by appellant of injury. *See Glasser v. United States*, 315 U.S. 60, 87, 62 S.Ct. 457, 472, 86 L.Ed. 680 (1941).

Appellant actively asserted her rights and moved for a mistrial on the proper grounds. The motion in the record is detailed and complete. We hold that the trial court abused its discretion in failing to grant the motion for mistrial. Appellant's point of error one is sustained.

In view of our holding in point of error one, it is unnecessary to address appellant's remaining points of error.

The trial court's judgment is reversed and the cause is remanded for a new trial.