Alejandro BENAVIDES, III and Martha Benavides, Individually and As Next Friends of Alejandro Benavides, IV, and the Estate of Catherine Benavides, Deceased, Appellants,

v.

Louis P. SOTO, Appellee.

No. 13–93–333–CV.

Court of Appeals of Texas, Corpus Christi.

Dec. 29, 1994.

**70**

William A. Whittle, Whittle & Associates, Thomas R. Hays, Perry & Haas, Corpus Christi, for appellants.

Van Huseman, Paul Dodson, White, Huseman, Pletcher & Powers, Corpus Christi, for appellee.

Before SEERDEN, C.J., and DORSEY and GILBERTO HINOJOSA, JJ.

## OPINION

SEERDEN, Chief Justice.

This is an appeal from a personal injury negligence suit tried before a jury, which returned a verdict in appellee/defendant's favor. The trial court rendered a take-nothing judgment against appellants/plaintiffs. By three points of error, appellants complain the trial court erred: (i) in not granting a new trial because the electronic method used to assemble the jury array did not comply with the requirements of the Texas Government Code, (ii) in not granting a new trial because the computer program used to select the array did not employ a random selection program, and (iii) in not granting appellants' motion to exclude evidence of nonuse of seat belts or a child safety seat.

We affirm the judgment of the trial court.

### Facts

On November 16, 1986, appellants Alejandro Benavides, Alejandro Benavides IV, and Catherine Benavides were driving northbound through an intersection when a westbound vehicle, driven by appellee Louis Soto (Soto), collided with them. Appellants' vehi-cle overturned, ejecting Catherine and pinning her beneath it. Catherine subsequently died from crushing injuries. Appellants filed suit against Soto, alleging negligence and seeking personal injury damages.

Following a three-day trial, the jury returned a no-negligence verdict in Soto's favor. The court rendered a take-nothing judgment against appellants, who in turn, filed a motion for new trial and then this appeal.

### Applicable Law and Analysis

■ By point of error one, appellants assert the trial court erred in not granting their motion for new trial because the electronic method used to assemble prospective jurors for service at the time of the trial did not comply with section 62.011 of the Texas Government Code. Section 62.011 mandates that when a county uses an electronic method to assemble the array,[1] the county commissioners court must first approve a written plan for such method. Tex.Gov't Code Ann. § 62.011 (Vernon 1988 & Supp.1994). Appellants contend Nueces County did not have a written plan at the time of trial. Appellants further contend that without such plan, Nueces County should not have used a computerized method to assemble the array; rather, the county should have used the jury wheel method.

■ Distinct and separate from the method used to assemble the array, Nueces County operates under an interchangeable jury system. See Tex.Gov't Code Ann. § 62.016 (Vernon 1988 & Supp.1994). Under this system, once the array is assembled at the courthouse, one district judge is designated as the person to whom members of the array should report for duty. Id.; Tex. & New Orleans R.R. Co. v. Jacks, 306 S.W.2d 790, 793–94 (Tex.Civ.App.—Beaumont 1957, writ ref'd n.r.e.). This judge is charged with authority to organize and impanel prospective jurors for the week. Id. Any objection con-

---

1. We distinguish the steps in the jury-selection process with the following terminology: The "array" is the group of county voters and licensed drivers selected by either computer or jury wheel and summoned for jury service. The "panel" is the group of prospective jurors drawn from the array and assigned to undergo voir dire examination in a particular case. The "jury" is the group of the first six or twelve remaining individuals on the panel, who survive peremptory and for-cause challenges, after voir dire examination. The "jury" serves as the trier of fact in the case.

cerning the array should be presented to this judge before, or at the time, he organizes the prospective jurors into panels. *Hightower v. Smith*, 671 S.W.2d 32, 36 (Tex.1984); *Jacks*, 306 S.W.2d at 794. Consequently, any objection presented to the judge after he organizes the panels, is considered untimely. *See Hightower*, 671 S.W.2d at 36. Untimely objections waive any error on appeal. Tex. R.App.P. 52(a).

Appellants admit they first raised their complaint about the lack of a written plan in their motion for new trial. Nevertheless, appellants assert they did not waive error because they did not have "an adequate opportunity" to timely object, citing *Mendoza v. Ranger Ins. Co.*, 753 S.W.2d 779, 780 (Tex. App.—Fort Worth 1988, writ denied). Their excuse is that they had no reason to believe or know Nueces County officials did not have a written plan for using the electronic method to assemble the array.

Appellants' reliance on *Mendoza* is misplaced. In *Mendoza*, the array summoned for service during summer vacation included an inordinate number of teachers. *Id.* at 780. Because the local practice did not provide parties with juror information cards, all basic information about prospective jurors, including occupations, had to be obtained through voir dire examination. *Id.* It was only during voir dire that the nonrandomness of the jurors' occupations first became apparent. *Id.* Once it became apparent, the plaintiffs immediately complained of a defect in the method used to select the array. *Id.* While the *Mendoza* court of appeals acknowledged the general rule that an objection to the array must be presented to the jury organizing the panels, the court did not believe this rule applied under the facts of *Mendoza*. *Id.* The court, finding the plaintiffs had no adequate opportunity to object to the nonrandom selection process before voir dire, held that the plaintiffs' objection at the end of voir dire properly preserved error. *Id.*

Here, unlike *Mendoza*, the appellants had ample opportunity to timely complain about the selection process. The requirement for Nueces County to have a written plan became effective September 1, 1985. *See* Tex. Gov't Code Ann. § 62.011 (Vernon 1988 & Supp.1994). Appellants had an adequate opportunity—spanning over seven years—to complain of the lack of a written plan before the prospective jurors for appellants' trial, were summoned in January 1993.

■ Generally, it is too late to complain of errors in the process used to select the array or panel when the complaint, as here, is first made in the motion for new trial. *Berner v. Southwestern Pub. Serv. Co.*, 517 S.W.2d 924, 925–26 (Tex.Civ.App.—Amarillo 1974, writ ref'd n.r.e.); *King v. Moberley*, 301 S.W.2d 202, 205 (Tex.Civ.App.—Eastland 1957, no writ) (citing numerous authorities). This rule is primarily designed to prevent a party from taking his chance on a favorable verdict and then obtaining a second trial by reason of some irregularity in the array selection process. *King*, 301 S.W.2d at 205. This rule applies not only when the party is aware of the irregularity, but also when the party could have discovered it by inquiry. *Id.*

The affidavits presented at the hearing on the motion for new trial fail to suggest appellants inquired about the written plan before trial. Furthermore, the record fails to show appellants could not have timely discovered the irregularity. *See id.* Absent a showing of proper diligence on the part of the appellants to ascertain whether there was a written plan, we hold the trial court did not err in denying appellants' motion for new trial. *See, e.g., Berner*, 517 S.W.2d at 926; *King*, 301 S.W.2d at 205. Appellants waived error when they untimely raised their complaint. Accordingly, we overrule their first point of error.

■ By their second point of error, appellants assert the trial court erred in not granting a new trial because the computer program used to assemble the array did not employ a random selection program. At the hearing on the motion for new trial, appellants' expert testified that at the time of appellants' trial, the computer program in operation was not a true random selection program. Appellants contend this nonrandom program ultimately produced a panel in this case that was not representative of the community. Appellants further contend they

should be entitled to have their case remanded and heard before randomly selected jurors.

We find appellants waived this second point of error for the same reason they waived their first point. Any complaints about the array selection process should have been made before, or at the time, the designated judge empaneled the prospective jurors. *See Hightower*, 671 S.W.2d at 36. The record fails to show any reason why appellants could not have timely discovered the nonrandom computer program. *See King*, 301 S.W.2d at 205. Absent a showing that appellants tried to ascertain the status of the computer program before trial, we hold appellants waived error because of their untimely complaint. *See, e.g., Berner*, 517 S.W.2d at 926; *King*, 301 S.W.2d at 205.

 We find it worth mentioning that even if appellants were able to prove they did not waive error, they still are not in a position to complain because they failed to show any evidence whatsoever that their jury panel was not representative of the community. In fact, appellants' own expert testified to the contrary, admitting the particular panel in this case represented Nueces County in terms of race, gender, and occupation. Because appellants failed to prove they had an improperly constituted jury, they cannot assert error. *Glasser v. United States*, 315 U.S. 60, 87, 62 S.Ct. 457, 472, 86 L.Ed. 680 (1942). We overrule appellants' second point of error.

 By their third point of error, appellants assert the trial court erred in denying their Rule 166 pre-trial motion, which requested the court to exclude evidence of the use or nonuse of seat belts or child safety seat by anyone in the collision. Appellants rely on statutory authority and case law to support their motion: "Use or nonuse of a safety belt [or a child passenger safety seat system] is not admissible evidence in a civil trial." Tex.Rev.Civ.Stat.Ann. art. 6701d, §§ 107B(f), 107C(j) (Vernon Supp.1994); *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 633 (Tex.1986).

The record before us contains the statement of facts from the voir dire and the motion for new trial proceedings. Appellants failed to bring forward the statement of facts from the trial itself. Without the statement of facts from the trial proceeding, we cannot ascertain whether evidence of appellants' nonuse of their seat belts was ever admitted during trial, and if so, whether it was reversible error. Appellants failed to satisfy their burden of ensuring a sufficient record is presented to show error requiring reversal. TEX.R.APP.PROC. 50(d); *Pope v. Stephenson*, 787 S.W.2d 953, 954 (Tex.1990). We overrule appellants' third point of error.

The judgment of the trial court is AFFIRMED.