E. O. FORTENBERRY et al., Appellants,

v.

Lloyd C. FORTENBERRY et al., Appellees.

No. 8236.

Court of Civil Appeals of Texas, Beaumont.

April 26, 1979.

Rehearing Denied May 17, 1979.

O. J. Weber, Beaumont, Wheat & Stafford, Woodville, for appellants.

Jimmy W. Nettles, Beaumont, Joe R. Smith, Woodville, for appellees.

DIES, Chief Justice.

This is an appeal from a suit to cancel the will and mineral deed of Miss Mamie Chambless executed on November 19, 1976. Miss Chambless died on December 5, 1976, at the age of eighty-three. A jury found that Miss Chambless lacked testamentary capacity to execute the will and mental capacity to execute the deed. We reverse

and remand the cause for a new trial, for the following reasons.

■ During the trial, contestants (plaintiffs below) attempted to elicit testimony from a handwriting expert that Miss Chambless's signature to the instruments was forged. The trial court properly excluded this because there was no pleading of forgery by contestants. During the trial, certain checks of Miss Chambless were admitted in evidence. In his final argument, counsel for contestants invited the jury to ". . . compare that check with that Deed. You folks are not lying and that's insulting to your intelligence." The careful trial judge sustained an objection to this argument, but the fact the jury later asked for the checks persuades us the argument suggesting forgery had influence on the jury.

> "The true test [for judging an incurable error in a jury argument] is the degree of prejudice flowing from the argument— whether the argument, considered in its proper setting, was reasonably calculated to cause such prejudice to the opposing litigant that a withdrawal by counsel or instruction by the court, or both, could not eliminate the probability that it resulted in an improper verdict."

*Texas Employers' Insurance Ass'n v. Haywood*, 153 Tex. 242, 266 S.W.2d 856, 858 (1954). See also *Otis Elevator Co. v. Wood*, 436 S.W.2d 324 (Tex.1968).

■ Contestant's counsel also gave the following argument:

> "Mamie Chambless made it, and I submit to you that this was—the vultures were circling in the air and they swooped down on her.

> "Ladies and Gentlemen, that sort of thing has got to stop with grandmothers and grandfathers, with people that are senile, in accordance with what Dr. John says. The word has got to go out from the courtroom. . . . You've got to stop it. Whose grandmother is next? Whose aunt is next?"

Referring to the proponents as "vultures" is bad enough, but to suggest to the jury it should find for the contestants to protect their own kin is truly inflammatory and improper. Here again the careful trial judge sustained an objection to the argument, but the harm was already done.

In our adversary system, attorneys must be free to vigorously represent their clients, and it is not an easy thing to decide when that vigor and enthusiasm crosses the bounds of toleration and becomes reversible error.

■ In determining whether jury argument is so improper that reversal is required, an appellate court must find that the argument is improper and that it was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case. *Aultman v. Dallas Railway & Terminal Co.*, 152 Tex. 509, 260 S.W.2d 596, 599 (1953); *Fulmer v. Thompson*, 573 S.W.2d 256, 265 (Tex.Civ.App.— Tyler 1978, writ ref'd n. r. e.).

And, of course, the cumulative effects of improper arguments compound the error. *MAPCO, Inc. v. Jenkins*, 476 S.W.2d 55 (Tex.Civ.App.—Amarillo 1971, writ ref'd n. r. e.). In *MAPCO, supra*, argument was made that condemnor was a big corporation motivated by profit and that the next condemnation might happen to members of the jury if the condemnees were not fully paid.

■ It is true, of course, that an attorney's argument is a deliberate effort to influence a jury for his client's position. As long as the attorney's argument has some basis, or at least a reasonable inference, in the evidence and is free from inflammatory remarks, it is proper. But, unless a court trial is to take on the atmosphere of a Roman Circus, counsel must be restrained in the use of inflammatory words. See *Southwestern Greyhound Lines v. Dickson*, 149 Tex. 599, 236 S.W.2d 115 (1951).

We believe the argument set forth above was improper and reversible error. We hold that this argument was incurable. See *Hernandez v. Baucum*, 344 S.W.2d 498 (Tex. Civ.App.—San Antonio 1961, writ ref'd n. r. e.); *Houston Lighting & Power Co. v. Fisher*, 559 S.W.2d 682 (Tex.Civ.App.—Houston [14th Dist.] 1977, writ ref'd n. r. e.).

We have reviewed the first six points brought forward by the proponents challenging the legal and factual sufficiency of the evidence to support the jury findings that Miss Chambless lacked testamentary capacity to execute the will and mental capacity to execute the deed. Our review has been under the standards set out in *Lucas v. Hartford Accident & Indemnity Co.*, 552 S.W.2d 796, 797 (Tex.1977); *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965). We find no merit to such contentions, and each of such points is overruled. The cause is remanded to the trial court for a new trial.

REVERSED and REMANDED.