John Edward **FISHER,** Appellant,

v.

The **STATE** of Texas, State.

No. 2–90–123–CR.

Court of Appeals of Texas, Fort Worth.

May 14, 1992.

Hardy Burke, Denton, for appellant.

Bruce Isaacks, Criminal Dist. Atty., David C. Colley and Paige Miller, Asst. Dist. Attys., Denton, Robert Huttash, State Pros. Atty., Austin, for appellee.

Before WEAVER, C.J., and HILL and LATTIMORE, JJ.

## CORRECTED OPINION UPON RECONSIDERATION ON PETITION FOR DISCRETIONARY REVIEW

HILL, Justice.

In accordance with Rule 101 of the Texas Rules of Appellate Procedure, a majority of the justices who participated in the original opinion in this case hereby reconsider and correct the original opinion and judgment, withdraw the same, and substitute the following:

John Edward Fisher appeals his conviction by a jury of unauthorized use of a vehicle. Finding enhancement allegations to be true, the jury sentenced him to sixty-five years confinement in the Texas Department of Criminal Justice, Institutional Division. In his first two points of error, Fisher contends that the trial court erred in overruling his motion for instructed verdict as well as in submitting the cause to the jury, as there was insufficient evidence to support the conviction. In a third point of error, Fisher complains of the trial court's action in overruling his objection to the jury charge, in that it did not contain an instruction requiring the jury to find that Fisher operated the vehicle knowing he did not have the effective consent of the owner.

We reverse and remand because we hold that the trial court erred by failing to clearly instruct the jury that it was required to find beyond a reasonable doubt that Fisher knew that he did not have the effective consent of the owner to operate the vehicle in question. We further hold that the evidence is sufficient to support the conviction.

In points of error one and two, Fisher complains that the trial court should have granted his motion for instructed verdict, and that the evidence was insufficient to support his conviction. Specifically, he contends that the evidence fails to establish that the car he was driving was the same car stolen from the complainant, Craig Snider.

In reviewing the sufficiency of the evidence in either a direct or circumstantial evidence case, we must view the evidence in the light most favorable to the prosecution and consider whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Jackson v. State,* 672 S.W.2d

801, 803 (Tex.Crim.App.1984); *Houston v. State*, 663 S.W.2d 455, 456 (Tex.Crim.App. 1984) (opinion on reh'g). As Fisher was tried and convicted prior to the Texas Court of Criminal Appeals decision in *Geesa v. State*, 820 S.W.2d 154 (Tex.Crim.App. 1991), which abrogates the "reasonable hypothesis" standard of review, *Geesa* is inapplicable to our review.

The record reflects that on the morning of April 9, 1988, the complainant went to his automobile dealership in Sanger, Denton County, Texas, to open the business for the day and discovered that the premises had been burglarized. Among other things, a 1982 blue Chevrolet Camaro with a stripe down each side was missing from his used car inventory.

Four days later on April 13, a vehicle matching the description of the stolen Camaro was observed speeding on Highway 31 by an officer with the Brownsboro Police Department, and a high speed chase ensued until the officer broke off the chase.

Some six hours later, at about 1:15 a.m. on April 14, a police officer for the city of Athens, an east Texas town near Brownsboro, was refueling his unmarked patrol car at a convenience store in Athens when he noticed a blue Camaro with a stripe down the side pull into the store's lot. He testified that he believed that the Texas license plate number of that car was ZEW479. In addition, he noted that Fisher was operating the vehicle when it pulled onto the lot. As he had previously been notified via police radio of the description of the stolen car and the chase on Highway 31, the officer then verified that the car he was observing was, in fact, stolen. At that point he arrested Fisher, the operator of the vehicle, and his passenger.

Snider, the complainant, testified that he was the owner of the stolen Camaro, that he did not know Fisher, and that he did not give Fisher or anyone else permission to take or operate the Camaro. Also, he identified a photograph of a Camaro as being the same vehicle that was taken from his dealership, as well as that which was returned to him upon its recovery. An examination of that photograph reveals that the car identified by Snider as the vehicle that had been stolen from his lot bore the Texas license number ZEW479, the same license plate number as was on the blue Camaro being driven by Fisher.

We hold that this evidence is sufficient to show that the vehicle that Fisher was driving was the same vehicle as that stolen from Snider.

Fisher contends that there was no proof that the vehicle Fisher was operating was the same vehicle that had been stolen from Snider. As we have noted, the evidence showed that the vehicle being driven by Fisher and the vehicle stolen from Snider both had the same Texas license number, ZEW479, in addition to both being blue Camaros with stripes. We find that because of the matching license number and physical description that a rational jury could conclude that the vehicle being driven by Fisher was the same vehicle that had been stolen from Snider. Fisher does not otherwise contend that the evidence is insufficient. We overrule points of error numbers one and two.

■■■ Fisher urges in point of error number three that the trial court erred in overruling his objection to the jury charge. Specifically, he alleges that the charge did not contain an instruction that the jury must find beyond a reasonable doubt that Fisher operated the vehicle knowing he did not have the effective consent of the owner.

The charge instructed the jury, "Now if you find from the evidence beyond a reasonable doubt that on or about the 8th day of April, 1988 in Denton County, Texas, the defendant, JOHN EDWARD FISHER, did then and there intentionally or knowingly operate one motor-propelled vehicle, to-wit: one (1) Chevrolet automobile, without the effective consent of the owner Craig Snider, then you will find the defendant guilty as charged."

Fisher's complaint is that the charge as submitted did not clearly instruct the jury that it must find that he knew that he was operating the vehicle without the effective

consent of the owner, thereby violating his right to fundamental fairness and due process under both articles 5 and 14 of the United States Constitution, as well as article 1, section 19 of the Texas Constitution and article 1.04 of the Texas Code of Criminal Procedure.

■ Fisher correctly points out that in addition to proving that he intentionally or knowingly operated the vehicle, the State must also prove that he did so knowing that he did not have the effective consent of the owner. *See McQueen v. State,* 781 S.W.2d 600, 603 (Tex.Crim.App.1989).

■ The charge tracks the statutory language of TEX.PENAL CODE ANN. sec. 31.07 (Vernon 1989). Ordinarily, when the court's charge tracks the language of the applicable statute, there is no error. *See Duffy v. State,* 567 S.W.2d 197, 204 (Tex. Crim.App.), *cert. denied,* 439 U.S. 991, 99 S.Ct. 593, 58 L.Ed.2d 666 (1978).

However, the Texas Court of Criminal Appeals stated in *McQueen* that the culpable mental state of "intentionally or knowingly" prescribed by the statutory language of section 31.07 of the Texas Penal Code does not syntactically modify the circumstances surrounding the conduct (operation without the owner's effective consent), but instead precedes the act of operating a vehicle. *McQueen,* 781 S.W.2d at 603–04. The court discussed the confusion caused by that placement of the culpable mental state. We therefore agree with Fisher's contention that the charge did not distinctly set forth the law applicable to the case as required by TEX.CODE CRIM.PROC. ANN. art. 36.14 (Vernon Supp.1992) because it failed to clearly instruct the jury that it must find that Fisher knew that he was driving the vehicle without the effective consent of the owner.

The State refers us to the cases of *Bruno v. State,* 812 S.W.2d 56, 59 (Tex.App.—Houston [14th Dist.] 1991, pet. granted); and *Caro v. State,* 771 S.W.2d 610, 615 (Tex.App.—Dallas 1989, no pet.). Both opinions hold that a charge such as the one before this court properly placed the burden upon the State to prove that the defendant knew that he did not have the effective consent of the complainant to operate the automobile because the allegation of the culpable mental state in the statutory language properly modified both "operates a motor vehicle" and "without the effective consent of the owner." *Bruno,* 812 S.W.2d at 59–60 and *Caro,* 771 S.W.2d at 614–15.

Because the Texas Court of Criminal Appeals has held that the allegation of the culpable mental state in the statute does not syntactically modify the allegation of "without the effective consent of the owner" and that its failure to do so has created confusion over the years, we believe that our sister courts are in error and respectfully decline to follow their opinion.

■ Error in the court's charge, over timely objection in the trial court, requires reversal if such error is "calculated to injure the rights of defendant," which means no more than that there must be *some* harm to the accused from the error. *See Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App.1984) (opinion on reh'g). In this case we note that the prosecuting attorney argued to the jury, "It doesn't say in the charge that the defendant knew the vehicle was stolen. It doesn't say in the charge that the defendant knew that the owner hadn't given him consent. It says that the defendant was operating the vehicle and did not have the effective consent of the owner." In view of the prosecutor arguing to the jury that the State was not required to prove that Fisher knew that he did not have the effective consent of the owner, we hold that Fisher suffered some harm from the error in the charge. We sustain point of error number three.

We reverse and remand for trial.