Perry William **HARVEY, Jr.,** Appellant,

v.

The **STATE** of Texas, Appellee.

No. 6–92–063–CR.

Court of Appeals of Texas, Texarkana.

Feb. 2, 1993.

Jerry Spencer Davis, Greenville, for appellant.

F. Duncan Thomas, Dist. Atty. of Hunt County, Greenville, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

CORNELIUS, Chief Justice.

In a jury trial, Perry William Harvey, Jr. was convicted of unlawful delivery of amphetamine. The trial court assessed his

punishment at twenty-five years' imprisonment.

Harvey contends in his single point of error that the State's evidence was insufficient and therefore the trial court erred in failing to grant his motion for instructed verdict after the State had rested its case. He supports his argument with citation to only those portions of the record containing testimony by the State's witnesses, and argues that this testimony so completely fails to prove the State's case that his motion for directed verdict should have been granted.

■ When an appellant challenges the trial court's denial of a motion for instructed verdict, it is in effect a challenge to the sufficiency of the evidence to support the conviction.[1] In considering such a challenge, we consider all the evidence, both from the State and the defense, in the light most favorable to the verdict. *Madden v. State*, 799 S.W.2d 683, 686 (Tex.Crim.App. 1990). If the evidence is sufficient to support the conviction, the trial court did not err by overruling the motion for instructed verdict.

■ The standard for sufficiency of the evidence is whether, viewing the evidence in the light most favorable to the jury's verdict, any rational trier of fact could have found beyond a reasonable doubt the essential elements of the offense charged.[2] *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Geesa v. State*, 820 S.W.2d 154 (Tex.Crim.App.1991).

■ Harvey was indicted for delivery of amphetamine, a controlled substance, in an amount less than twenty-eight grams. The indictment alleged that he gave two plastic bags containing the contraband to another person, Roy Parrish, so that Parrish could deliver them to undercover officers. A defendant who transfers a controlled substance belonging to him or under his control to someone, by or through some other person or means at his direction, effects at least a constructive delivery of the substance. *Thomas v. State*, 832 S.W.2d 47, 51 (Tex.Crim.App.1992); *Daniels v. State*, 754 S.W.2d 214 (Tex.Crim.App.1988).

■ Harvey contends that there is insufficient evidence to prove the allegation that he transferred the amphetamine via some other person to the undercover officers. He cites the portion of the officers' testimony stating that they saw something they could not identify transferred between Harvey and police informant Roy Parrish, although they were in the same room at the time of the transfer and only a few feet apart. The testimony shows that Harvey handed something to Parrish, who immediately turned around and handed amphetamine in the plastic bags to the undercover officers.

However, there is additional testimony that, immediately after the transfer, the undercover officers and Harvey went into Harvey's bedroom, where one of the officers asked Harvey how much was in the baggies. Harvey told them they would weigh a "quarter," which is a slang term for a quarter of an ounce. The officers then demanded that Harvey weigh the amphetamine. The weight was short, so the officers began haggling with Harvey about the price. They asked him how much he wanted for the amphetamine, and Harvey replied that he needed at least $350.00, which the officers paid. Another person

---

**1.** A number of cases hold that by presenting defensive evidence after the State rested its case in chief an appellant waives his right to complain that the trial court erred in overruling his motion for instructed verdict. *Hafdahl v. State*, 805 S.W.2d 396, 400 (Tex.Crim.App.1990); *Kuykendall v. State*, 609 S.W.2d 791, 794 (Tex. Crim.App. [Panel Op.] 1980); *Shirley v. State*, 501 S.W.2d 635, 637 (Tex.Crim.App.1973). In *Madden v. State*, 799 S.W.2d 683 (Tex.Crim.App. 1990), the Court of Criminal Appeals specifically disapproved the holdings in *Hafdahl* and the cases cited therein. Although *Hafdahl* was pub-

lished after *Madden*, *Madden* is the more recent opinion.

**2.** Since we believe that our exclusive fact jurisdiction under the constitution both permits and requires us to review the factual sufficiency when sufficiency of the evidence is challenged on appeal, we have done so in this appeal. *See Stone v. State*, 823 S.W.2d 375 (Tex.App.—Austin 1992, pet. ref'd); Susan Bleil & Charles Bleil, *The Court of Criminal Appeals Versus the Constitution: The Conclusivity Question*, 23 St. Mary's L.J. 423 (1991).

present during the transaction, Timothy Hargett, then came into the room and asked Harvey for some of the amphetamine as his cut of the action for bringing the purchasers to him.

Although mere presence in the vicinity of a controlled substance is insufficient to sustain the State's burden of proof, in the present case there is considerable additional evidence which tends to prove Harvey's role in the transaction.

■ To prove constructive transfer, the transferor must also be at least aware of the existence of the ultimate transfer before the delivery. *Daniels v. State*, 754 S.W.2d at 221. This rule, however, does not require that the transferor know the identity of the ultimate recipient. It only requires that he must have contemplated that his initial transfer would not be the final transaction in the chain of distribution. *Daniels v. State, supra.* Harvey argues that the State failed to offer evidence that he knew that the police officers were the ultimate recipients. As noted above, the rule does not require such proof. Harvey's knowledge of the contraband's weight, his negotiation over the price, and the other circumstances amply demonstrate that he had control of the substance and was aware of the ultimate transfer.

We have reviewed all the evidence in this case in the light most favorable to the jury's verdict and find it sufficient to justify any rational trier of fact to find beyond a reasonable doubt each element of the offense.

The judgment of the trial court is affirmed.