Johnny Earl SMITH, Appellant,

v.

The STATE of Texas, Appellee.

No. 06–02–00145–CR.

Court of Appeals of Texas,
Texarkana.

Submitted Feb. 13, 2003.

Decided May 22, 2003.

Toby C. Wilkinson, Law Office of Toby C. Wilkinson, Greenville, for appellant.

F. Duncan Thomas, Dist. Atty. of Hunt County, Steve Tittle, Hunt County Asst. Dist. Atty., Greenville, for appellee.

Before MORRISS, C.J., ROSS and CORNELIUS,* JJ.

## OPINION

Opinion by Justice WILLIAM J. CORNELIUS (Retired).

Johnny Earl Smith appeals his conviction in the district court of Hunt County for the unauthorized use of a vehicle in violation of Section 31.07 of the Texas Penal Code. See TEX. PEN.CODE ANN. § 31.07 (Vernon 2003). A jury convicted Smith and assessed his punishment at five years' imprisonment.[1] Smith contends the trial court improperly denied his motion for instructed verdict made when the State rested its case-in-chief. Specifically, he complains the State failed to prove that the truck he was driving at the time of his arrest was the same truck that had been taken from the person the indictment alleges as the owner, James Paul Joseph.

We overrule the contention and affirm the judgment.

■■■ A challenge of the trial court's denial of a motion for instructed verdict is, in effect, a challenge to the legal sufficiency of the evidence to support the conviction. See Williams v. State, 937 S.W.2d 479, 482 (Tex.Crim.App.1996); Cook v. State, 858 S.W.2d 467, 470 (Tex.Crim.App. 1993). In our review, we consider all the evidence presented at trial, both from the State and the defense, in the light most favorable to the verdict. Cook v. State, 858 S.W.2d at 470; Bellah v. State, 415 S.W.2d 418, 420 (Tex.Crim.App.1967). That is, our review of the sufficiency of the evidence is not limited to the evidence presented before an appellant's motion for instructed verdict is made at the end of the State's case-in-chief. See Bellah v. State, 415 S.W.2d at 420. If the evidence is sufficient to sustain the conviction, the trial court did not err by overruling the motion for instructed verdict, and we need not determine whether the evidence was insufficient at the time the motion was made. Cook v. State, 858 S.W.2d at 470; Harvey v. State, 847 S.W.2d 365, 366 (Tex.App.-Texarkana 1993, no pet.). So, our inquiry is whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. Mathis v. State, 67 S.W.3d 918, 922 (Tex.Crim.App.2002).

The evidence at trial, viewed in the light most favorable to the verdict, established the following sequence of events. On January 7, 2002, Smith visited Discount Auto in Quinlan, Hunt County, Texas. James Joseph recognized Smith as someone with whom the company had dealt previously, and allowed Smith to test drive a Ford

---

* William J. Cornelius, Chief Justice, Retired, Sitting by Assignment

1. The offense of unauthorized use of a vehicle is a state-jail felony. However, because Smith used a deadly weapon and there were enhancements at punishment, the offense became a third-degree felony with a punishment range of two to ten years.

pickup truck. The pickup was a 1994 model, black, with an extended cab, flared sides, and pinstriping. Joseph informed Smith that he was allowed to drive the truck three miles in any direction away from the car dealership. After Smith did not return for some time, Joseph became concerned and contacted the Hunt County sheriff's dispatcher, who advised Joseph to wait longer to see if Smith would return. On January 9, Smith still had not returned, and the Quinlan chief of police came to the dealership and, on learning of the incident, contacted the Hunt County Sheriff's Office concerning the matter. Hunt County sent Deputy Henry Grandfield to Discount Auto, where he took the report at approximately 9:30 that morning. In his report, Grandfield noted that Joseph described the truck as a 1994 black Ford F–150 pickup truck with an extended cab, tinted windows, Texas license plate number KR0284, and vehicle identification number ("VIN") 1FTEX15NIRKB60966. He described the man who had taken the vehicle as a man with salt-and pepper-colored hair, in his late 40s to early 50s, approximately six feet one to six feet four inches tall, and weighing approximately 160 pounds.

Approximately four hours later and twenty-five miles away from Quinlan, Grandfield, who was about to finish his routine patrol in Greenville, saw what he believed to be the truck that Joseph had reported as stolen. He began to follow Smith, who shortly thereafter accelerated and began passing quickly through the fairly heavy traffic. Grandfield turned on his lights and siren, and followed Smith, whose driving had become increasingly dangerous. Grandfield testified that at times speeds during the three-mile chase reached 70–80 miles per hour through town and that Smith disregarded traffic signs and signals throughout the pursuit. Finally, Smith drove through a grassy field and onto a parking lot, where he tried to pass between two parked cars but failed, crashing into one. Grandfield then arrested the driver, who verbally identified himself as Johnny Earl Smith.

Grandfield made arrangements to have the vehicle impounded and inventoried. James Frazier of Morgan Towing arrived to assist Grandfield. Because the front portion of the truck was now positioned on the hood of a parked car, Frazier first removed the car from underneath the truck. He then entered the truck to prepare it for tow, stepped on a hard object in the floorboard, and, without disturbing the object, alerted Grandfield to the long object wrapped in green cloth. Grandfield unwrapped the object, which was a sawed-off shotgun.

At the end of the State's case-in-chief, Smith moved for a directed verdict, and the trial court denied the motion. During the State's rebuttal, Grandfield testified that the truck Smith wrecked and the truck reported stolen both had the same Texas license plate number, KR0284, and VIN number, 1FTEX15NIRKB60966.

■ A person commits the offense of unauthorized use of a motor vehicle when "he intentionally or knowingly operates another's boat, airplane, or motor-propelled vehicle without the effective consent of the owner." TEX. PEN.CODE. ANN. § 31.07. Viewing the evidence in the light most favorable to Smith's guilty verdict, we conclude that any rational trier of fact could have found beyond a reasonable doubt the essential elements of unauthorized use of a vehicle. Smith challenges the State's evidence as to only one element of the offense. He contends the State did not provide sufficient evidence that the truck he was driving at the time of the chase and arrest was the truck that was taken from Joseph at Discount Auto. We disagree.

There have been cases where complaints similar to Smith's have successfully chal-

lenged the State's evidence. We find one of those instances in *Winn v. State*, 828 S.W.2d 284, 285–86 (Tex.App.-Houston [14th Dist.] 1992, no pet.). Winn moved for an instructed verdict when the State failed to present any evidence of the license plate numbers or the vehicle identification numbers from the van that was stolen and the van he was driving. *Id.* at 286. The scant evidence that the State did offer to connect the two vehicles was contradictory. *Id.* The complainant, who never identified the impounded vehicle that the police seized, testified that her van was blue and grayish in color. Police described the van that Winn was driving as blue and brown. The appellate court held that, on this evidence, no rational trier of fact could have found all the elements of the offense beyond a reasonable doubt and, thus, the trial court erred in denying Winn's motion for an instructed verdict. *Id.*

Likewise, in *Hooper*, when the State proved only that the victim's car and the car driven by the appellant were both Buick Regals, the court should have granted an instructed verdict. *Hooper v. State*, 788 S.W.2d 24, 25 (Tex.App.-Houston [1st Dist.] 1987, no pet.). Additionally, the two cars were different colors and had different license plate numbers, and the owner of the stolen Buick Regal even testified that police had returned his vehicle to him before the defendant was arrested. *Id.* at 25–26. Because there was insufficient evidence that the vehicle the defendant was driving was the same vehicle that was stolen, the court reversed the conviction. *Id.* at 26.

The evidence in our case is much stronger than the evidence in either *Winn* or *Hooper*. We find our case more closely analogous to *Fisher v. State*, 829 S.W.2d 403 (Tex.App.-Fort Worth 1992, pet. ref'd). In that case, Snider, the complainant, identified a photograph of a Camaro automobile as being the same vehicle that was stolen from his dealership and the same vehicle that authorities returned to him. *Id.* at 405. An examination of that photograph reveals that the car Snider identified as the vehicle that was stolen bore the Texas license plate number ZEW479, the same license plate number as was on the blue Camaro that the defendant was driving. The court concluded that the trial court's denial of the defendant's motion for instructed verdict was proper because the jury could have reasonably found that the vehicle the defendant was driving and the vehicle reported stolen were the same vehicle since the year, make, model, paint color, license plate number, and VIN were the same. *See id.*

Another appellant convicted of unauthorized use of a vehicle challenged the sufficiency of the State's evidence to prove that the car he was driving was the same car owned by the complainant. *Lyles v. State*, 582 S.W.2d 138, 142 (Tex.Crim.App. [Panel Op.] 1979). Before Lyles operated the vehicle, he had ripped out some wires from underneath the dashboard. *Id.* The complainant testified that, when he recovered his car, it had the same damage to the wiring underneath the dashboard. The court noted that the evidence linking the two 1969 Plymouths was not developed as well as it could and should have been, but held that the State's circumstantial evidence was sufficient to show that the vehicles were one and the same. *Id.* at 143.

Here, Joseph testified that the stolen truck was a 1994 black Ford pickup truck with flared sides, an extended cab, and pinstriping that was "like a red and silver." Grandfield testified that he received a report from Joseph regarding a stolen 1994 Ford F-150 extended cab with tinted windows and one-inch purple pinstriping and that later he saw a truck with tinted windows and purple pinstriping.

Additionally, the State's rebuttal case included testimony showing that the license plate number and the VIN on the truck that Smith was driving are the same as for the truck that Joseph reported stolen. So, while Smith contends that the State failed to produce evidence as to the license plate or VIN of the truck, the record clearly indicates the contrary. While the State may not have presented this evidence before Smith's motion for directed verdict, we review *all* evidence presented at trial to determine whether the evidence is legally sufficient to support the conviction. Smith points to the discrepancy in the color of the pinstriping on the truck in an attempt to bring his case within the reasoning of *Winn*. The testimony we have here regarding the matching license plate number and VIN, however, establishes the solid connection between the vehicle driven and the one stolen that was absent in *Winn*. Having heard this evidence, a rational trier of fact could have reasonably concluded that the truck Smith crashed was the same truck that Joseph reported stolen.

We affirm the judgment.