IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-03-00299-CR

 

Rebecca Ann Shaw,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 249th District Court

Johnson County, Texas

Trial Court No. F35621

 



withdrawal of assent to letter
order



 








          It has come to my attention that the
procedure outlined in McCullough v. Kitzman, 50 S.W.3d 87 (Tex. App.—Waco 2001) was not followed in connection with the disposition of the motion to
recuse filed in this case against Justice Reyna and me.  Justice Vance, who was
not the subject of the motion, and I conferred with regard to the motion and a
letter order denying the motion was issued May 20, 2005.  Unbeknownst to me,
the motion for recusal as to me was not being simultaneously decided and, in
fact, was not decided until May 24, 2005.  Accordingly, due to the failure to
simultaneously decide and issue these orders regarding the ruling on the
motion, I have no alternative but to withdraw my assent to the motion to recuse
Justice Reyna.  The reason I must withdraw my assent is that I have no
authority to participate in the decision of that motion other than as part of a
“roundrobin” procedure as described in McCullough v. Kitzman. 
Accordingly, I should not have participated in the motion due to the pending
motion to recuse or disqualify, and accordingly withdraw my assent thereto and
designate myself as “not participating” in the consideration of the motion to
recuse Justice Reyna in this cause.

 

                                                          TOM
GRAY

                                                          Chief
Justice

 

Withdrawal
of Assent to May 20, 2005 Letter Order delivered and filed May 25, 2005






65pt" to="94.05pt,8.65pt">
 



 
 
 
 
 
 
 


 



No. 10-03-00079-CR

 

Pearline Cooper Ester,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 40th District Court

Ellis County, Texas

Trial Court # 26470CR

 



O p i n i o n



 

          A
jury convicted Pearline Cooper Ester of evading arrest in a vehicle.  The court sentenced her to ten years’
imprisonment, suspended imposition of sentence, and placed her on community
supervision.  Ester contends in four
issues that the court erred by: (1) overruling her Batson challenges; (2) overruling her objection to the admission in
evidence of a crack pipe taken from her car; (3) failing to define the term
“knowingly” in the charge; and (4) overruling her objection to the admission in
evidence of a penitentiary packet during the punishment phase.  We will affirm.

          The
evidence in sum is that Ester was driving a car suspected to have been involved
in a hit-and-run accident.  A Midlothian police officer sighted Ester’s car and
pursued.  Despite the officer activating
the overhead lights and siren of his patrol car, Ester failed to stop.  Ester fled from the officer at speeds up to
120 miles per hour.  She forced other
drivers off the road as she led the officer (and others) on a twenty-two-mile
chase.  When Ester’s car was finally
stopped, she remained inside with the windows closed.  She was smoking a crack pipe as she sat in the
car.  Because Ester did not respond to
the officers’ commands, they broke the rear window on the driver’s side,
unlocked the driver’s door, and removed her from the car.  She was “shaking and sweating
profusely.”  They transported her to the
hospital for a medical evaluation before taking her to jail.

BATSON CHALLENGES

          Ester
contends in her first issue that the court abused its discretion by overruling
her Batson challenges made with
regard to two African-American veniremembers against whom the State exercised
peremptory challenges.

          The
State responded to Ester’s Batson
challenge by explaining that it struck venireperson Vann because he had failed
to answer several questions on his juror information card, he required “a good
minute” to answer the prosecutor’s question about how long he had been a
resident of the county, he was slow to acknowledge the prosecutor even when
being addressed directly, he nodded in affirmation to several of defense
counsel’s statements during voir dire, and he did not seem very coherent at
times.  These are race-neutral
explanations for the State’s peremptory challenge.  See
Tate v. State, 939 S.W.2d 738, 744-45 (Tex. App.—Houston [14th Dist.] 1997,
pet. ref’d); Harper v. State, 930
S.W.2d 625, 634 (Tex. App.—Houston [1st Dist.] 1996, no pet.).

          Ester
did not attempt to rebut these reasons at trial.  The court’s ruling with respect to Vann is
supported by the record and is not clearly erroneous.  See
Simpson v. State, 119 S.W.3d 262, 268 (Tex. Crim. App. 2003).

          The
State explained that it struck venireperson McDaniel because she indicated that
she would have difficulty judging another person because of her religious
beliefs.  When the State challenged
McDaniel for cause, Ester rehabilitated her and she agreed that she would
follow the law.  Nevertheless, McDaniel’s
statements regarding her religious beliefs constitute a race-neutral
explanation for the State’s peremptory challenge.  See Lee
v. State, 860 S.W.2d 582, 585 (Tex. App.—Houston [14th Dist.] 1993, pet.
ref’d); Dixon v. State, 828 S.W.2d
42, 44-46 (Tex. App.—Tyler 1991, pet. ref’d).

Ester did not attempt to rebut this explanation
at trial.  The court’s ruling with
respect to McDaniel is supported by the record and is not clearly
erroneous.  See Simpson, 119 S.W.3d at 268. 
Accordingly, we overrule Ester’s first issue.

ADMISSION
OF THE CRACK PIPE

          Ester
contends in her second issue that the court abused its discretion by admitting
in evidence the crack pipe which was seized from her car because its probative
value is substantially outweighed by the danger of unfair prejudice.  However, Ester objected to the admission of
this evidence at trial on the basis of chain of custody.  Because Ester’s trial objection does not
match her appellate complaint, she has failed to preserve this issue for
appellate review.  See Ibarra v. State, 11 S.W.3d 189, 197 (Tex. Crim. App. 1999); Orteaga v. State, 126 S.W.3d 618, 622-23
(Tex. App.—Houston [14th Dist.] 2004, pet. ref’d).  Accordingly, we overrule Ester’s second
issue.

THE
COURT’S CHARGE

          Ester
contends in her third issue that the court erred by failing to define the term
“knowingly” in the charge.  The State
responds that no error is shown because the evading arrest statute requires
only that a person “intentionally flee[ ]” from an officer.  We disagree with the State because the
statute also requires that the person “know” that he is fleeing from a peace
officer.  However, because Ester did not
suffer “some harm” as a result of this error, we will overrule the third issue.

          The
indictment alleges in pertinent part that Ester:

          did
then and there, while using a vehicle, intentionally flee from Brad Elliott, a
person the defendant knew was a peace officer who was attempting lawfully to
arrest or detain the defendant.

 

          In
the proposed charge the court submitted to the parties for consideration, the
court included definitions for the terms intentionally and knowingly.  The State objected to the inclusion of a
definition for the term knowingly because the allegations were “just
intentionally fleeing” rather than “intentionally or knowingly” fleeing.  The court responded that it had included that
definition because the indictment alleges that Ester “knew [Elliott] was a
peace officer.”  Nevertheless, the court
stated that it would remove that definition from the charge.

          Ester
objected to the removal of the definition and asked the court to restore
it.  The court overruled her objection.

          Section
38.04 of the Penal Code defines the offense of evading arrest or detention as
follows:

                   A
person commits an offense if he intentionally flees from a person he knows is a
peace officer attempting lawfully to arrest or detain him.

 

Tex. Pen. Code Ann. § 38.04(a) (Vernon 2003).  The elements of this offense are: (1) a
person, (2) intentionally flees, (3) from a peace officer, (4) with knowledge
he or she is a peace officer, (5) the peace officer is attempting to arrest or
detain the person, and (6) the attempted arrest or detention is lawful.  See Johnson
v. State, 634 S.W.2d 695, 695 (Tex. Crim. App. [Panel Op.] 1982); Reese v. State, 846 S.W.2d 351, 353
(Tex. App.—Tyler 1992, no pet.); see also
Tex. Pen. Code Ann. § 38.04(a).

          Section
6.03(b) of the Penal Code defines the term “knowledge.”  Tex.
Pen. Code Ann. § 6.03(b) (Vernon 2003).[1]  This was the definition which Ester asked to
be included in the charge.

          A
statutorily-defined term must be included in the charge.  See Arline
v. State, 721 S.W.2d 348, 352 n.4 (Tex. Crim. App. 1986); Nejnaoui v. State, 44 S.W.3d 111, 119
(Tex. App.—Houston [14th Dist.] 2001, pet. ref’d); Smith v. State, 959 S.W.2d 1, 25 (Tex.
App.—Waco 1997, pet. ref’d).  Because
Ester objected to the omission of this definition from the charge, this error
requires reversal if she suffered “some harm” from the omission.

          [T]he
actual degree of harm must be assayed in light of the entire jury charge, the
state of the evidence, including the contested issues and weight of probative
evidence, the argument of counsel and any other relevant information revealed
by the record of the trial as a whole.

 

Ovalle
v. State, 13 S.W.3d 774, 786
(Tex. Crim. App. 2000) (quoting Almanza
v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984)); Minor v. State, 91 S.W.3d 824, 828 (Tex. App.—Fort Worth 2002, pet.
ref’d) (same).

          Here,
the primary officer made a video recording of the pursuit, which was offered in
evidence.  The parties focused their
argument on the issue of whether Ester knew a police officer was pursuing her.  The State did not argue that such knowledge
was unnecessary.  Cf. Fisher v. State, 829 S.W.2d 403, 406 (Tex. App.—Fort Worth
1992, pet. ref’d) (harm found where prosecutor referred to charge and informed
jury that State did not have to prove defendant knew he was driving car without
owner’s consent).

          Because
of the strength of the State’s evidence and because the argument properly
presented the issue of the defendant’s knowledge to the jury, we conclude that
Ester was not harmed by the omission of the statutory definition of the term
“knowledge” from the charge.  See Mathis v. State, 858 S.W.2d 621,
622-23 (Tex. App.—Fort Worth 1993, pet. ref’d); White v. State, 844 S.W.2d 929, 933 (Tex. App.—Houston [1st Dist.]
1992, pet. ref’d).[2]  Accordingly, we overrule Ester’s third issue.

PENTITENTIARY
PACKET

          Ester
contends in her fourth issue that the court abused its discretion by admitting a
penitentiary packet in evidence after the State was unable to prove that her
fingerprints matched those on the exhibit.

          The
State’s fingerprint witness concluded that the prints on the penitentiary
packet were not of sufficient quality for a comparison.  Nevertheless, Ester took the stand during the
punishment phase and admitted on cross-examination that she was “the same Pearline
Ester” who was convicted in Tarrant County on December 22, 1997 of delivery of
less than one gram of cocaine, that she was given three years’ deferred
adjudication community supervision, and that her “probation was revoked” on
April 5, 1999 and she was sentenced to 180 days’ confinement.  This matches the information contained in the
penitentiary packet.

          Based
on Ester’s testimony, the court did not abuse its discretion by admitting the
penitentiary packet in evidence.  See Beck v. State, 719 S.W.2d 205, 210
(Tex. Crim. App. 1986) (prior conviction can be proved by “the introduction of
the pen packet and the testimony of the defendant”).  Accordingly, we overrule Ester’s fourth
issue.

We affirm the judgment.

 

FELIPE REYNA

Justice

Before Chief Justice Gray,

Justice Vance, and

Justice Reyna

(Chief Justice Gray concurring)

Affirmed

Opinion delivered and filed October
 27, 2004

Publish

[CR25]          











    [1]           “A
person acts knowingly, or with knowledge, with respect to the nature of his
conduct or to circumstances surrounding his conduct when he is aware of the
nature of his conduct or that the circumstances exist.  A person acts knowingly, or with knowledge,
with respect to a result of his conduct when he is aware that his conduct is
reasonably certain to cause the result.” 
Tex. Pen. Code Ann. § 6.03(b)
(Vernon 2003).





    [2]           We
acknowledge that Mathis and White involved the question of
“egregious harm” under Almanza rather
than “some harm.”  See Mathis v. State, 858 S.W.2d 621, 622
(Tex. App.—Fort Worth 1993, pet. ref’d); White
v. State, 844 S.W.2d 929, 932 (Tex. App.—Houston
[1st Dist.] 1992, pet. ref’d). 
Nevertheless, we find these cases to be instructive on the issue
presented.