NO. 07-10-0350-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 11, 2011

_____

BRAD HALDERMAN,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 154TH DISTRICT COURT OF LAMB COUNTY;

NO. 4685; HONORABLE FELIX KLEIN, PRESIDING

_____

*Memorandum Opinion*

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Brad Halderman was convicted of tampering with evidence and sentenced to twenty years confinement and a fine of $10,000. He seeks reversal by contending the evidence is legally and factually insufficient to sustain the conviction.[1] We affirm the judgment.

_____

[1]We are no longer to conduct factual sufficiency reviews. *See Brooks v. State,* 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). Thus, our task will be limited to assessing only the legal sufficiency of the evidence.

*Background*

Appellant was unemployed and about to be evicted from his apartment. He ran into an acquaintance, Ron Bures, who informed him that they could live with Mickey Burchfield, a friend of Bures. The men spent the week at Burchfield's house in the country. During that time, they mostly drank alcohol and drove around in Bures' car.[2] On July 31, 2009, after the three men had spent most of the morning and early afternoon drinking, appellant went to the living room to take a nap. He was awakened by Burchfield, who told appellant to come to the kitchen to see what he had done. When appellant entered the kitchen, he observed Bures with his throat cut. Bures attempted to stand, and Burchfield cut Bures' throat again. When Bures ran out of the house, Burchfield followed Bures and struck him with barbells and a grubbing hoe until he was dead. Burchfield then left for about an hour and went to a neighbor's house. He told her that he had killed someone and needed help to hide the body. After he left the neighbor's house, she eventually placed a call to law enforcement.

When Burchfield returned to his house, he and appellant cleaned the kitchen. They then attempted to place Bures' body into the trunk of the car, but when it would not fit, Burchfield tied Bures' feet to an air hose and the air hose to the back of the car. The two men then drove the car approximately four miles, dragging the body behind, and left it in a ditch. Law enforcement officers arrived shortly after they returned to Burchfield's house.

---

[2]Burchfield worked as a day laborer one day, and appellant sold plasma to make money on the same day.

*Sufficiency of the Evidence*

After the State presented its case, appellant moved for an instructed verdict which he now contends should have been granted. A challenge to the failure to grant a directed verdict is a challenge to the legal sufficiency of the evidence. *Canales v. State,* 98 S.W.3d 690, 693 (Tex. Crim. App. 2003).

We review the sufficiency of the evidence under the standard discussed in *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). And, in making that review, we are not limited to the evidence presented before the motion for instructed verdict was made. *Montgomery v. State,* 198 S.W.3d 67, 85 (Tex. App.–Fort Worth 2006, pet. ref'd); *Smith v. State,* 109 S.W.3d 80, 81 (Tex. App.–Texarkana 2003, no pet.). Burchfield was charged with intentionally or knowingly concealing the corpse of Bures with the intent to impair its verity, legibility, or availability as evidence. *See* TEX. PENAL CODE ANN. §37.09(d) (Vernon Supp. 2010). Burchfield contends that there is insufficient evidence of his intent. At trial, he testified that he only assisted in the disposal of the body because he was afraid of Burchfield. An instruction on duress was included in the jury charge.

A person's intent may be inferred from acts, words, and conduct. *Shamam v. State,* 280 S.W.3d 271, 278 (Tex. App.–Amarillo 2007, no pet.); *see also Laster v. State,* 275 S.W.3d 512, 524 (Tex. Crim. App. 2009) (stating that one's acts are generally reliable circumstantial evidence of one's intent). The following evidence appears in the record: 1) appellant did nothing to asssist Bures while Burchfield was beating Bures to death, 2) appellant was larger than Burchfield and carried a pocket knife, 3) appellant did nothing to seek help or escape during the hour that Burchfield

3

was gone from the house, 4) Bures' cell phone was on the floor of the kitchen but appellant did not attempt to use it, 5) Burchfield did not directly threaten appellant, 6) appellant told one officer that he had blood on him because he cut his hand and another officer that he had a nose bleed, 7) appellant explained blood on the ground by saying he and Burchfield got into a fight, 8) appellant kicked the window out of the police vehicle after he was placed in it and was combative to officers at the station, 9) Burchfield stuffed playing cards in Bures' mouth after he died, and appellant removed them claiming at trial that he did not care if he was killed for doing so, 10) appellant asked Burchfield if Burchfield was going to kill appellant and Burchfield replied that he was not, 11) Bures' face was "mush" after being drug by the car, 12) the body became unfastened from the car at one point and Burchfield had to get out of the car and retie it, 13) Burchfield asked appellant if he wanted to stab or hit Bures but appellant did not, 14) appellant testified he made a decision not to use his pocket knife to defend himself, 15) appellant told an officer he believed he might be arrested as an accessory, 16) Burchfield told appellant that they were taking Bures to where they "dump dogs," 17) appellant stated he helped Burchfield put the body in a ditch after Burchfield told him to get out of the car, 18) appellant admitted at trial that he probably could have placed a call on a phone, and 19) when asked about both he and Burchfield cleaning up the kitchen and dragging the body to "the ravine," appellant said that "[w]e're a good team" and that they acted "[v]ery efficiently, yeah." This was some evidence from which the jury could have inferred beyond a reasonable doubt that appellant intentionally helped Burchfield conceal the body. Although the jury could have chosen to believe that appellant acted in fear of his life, it obviously did not, and that decision was within its

4

province. *See Brooks v. State,* 323 S.W.3d 893, 902 (Tex. Crim. App. 2010) (stating that the jury is the exclusive judge of the credibility of witnesses and the weight to be given their testimony).

Accordingly, we overrule appellant's issue and affirm the judgment.

Brian Quinn
Chief Justice

Do not publish.