**Joe HEFLIN, Appellant,**

**v.**

**Alex WILSON, Appellee.**

**No. 6072.**

Court of Civil Appeals of Texas.

Beaumont.

Nov. 15, 1956.

Rehearing Denied Dec. 5, 1956.

Dies, Anderson & Dies, Lufkin, Fulmer, Fairchild & Barnett, Nacogdoches, for appellant.

Ruff Wall, Carthage, McAlister & Benchoff, Nacogdoches, for appellee.

ANDERSON, Justice.

Suit for damages was brought by appellant against appellee, its basis being a collision between motor vehicles of the respective parties. Appellee cross-acted. Mack Houston, an intervenor, who was a passenger in appellee's vehicle when the collision occurred, joined in the cross-action. Trial to a jury in the district court of the 145th Judicial District, Nacogdoches County, resulted in a verdict on which

judgment was rendered that the plaintiff, Joe Heflin, and the intervenor, Mack Houston, take nothing, and that cross-plaintiff Alex Wilson recover of cross-defendant Joe Heflin the sum of five hundred dollars and costs of suit. Only Joe Heflin has appealed.

■ The only question for review is that of whether the trial court erred in overruling appellant's motion to quash the jury panel from which the trial jury was selected. The basis of the motion was that the members of the panel had been selected by the jury-commission method rather than by the jury-wheel method.

Nacogdoches County, according to the last federal census, is a county with a population of more than 20,000 inhabitants, and it is one of three counties that constitute both the 2nd and the 145th Judicial Districts of the state, the other two being Angelina and Cherokee. It is also a county in which the courts of both districts regularly hold sessions. There can be no doubt, therefore, that it is a county in which normally it would be necessary to use the jury-wheel system in selecting petit juries for district court service. Articles 2094 and 2095, Vernon's Texas Civil Statutes, as amended. However, the legislative Act by which the 145th Judicial District was created expressly provides the following: "Sec. 15. Qualified jurors for service in both the Second District Court and the District Court of the 145th Judicial District in Angelina, Cherokee and Nacogdoches Counties shall be selected by jury commissions in accordance with the provisions of Article 2104 of the Revised Civil Statutes of Texas, as amended, and succeeding Articles; and the provisions of Senate Bill No. 466, Chapter 467, Acts of the 51st Legislature of Texas (Article 2094), or any other provisions of the law concerning selection of petit jurors by the jury wheel shall not apply in said District Courts in said counties." Acts of the 54th Legislature, p. 1230, Chapter 492, Vernon's Ann.Civ.St. art. 199, district 145, § 15. And it was in reliance on and in

deference to this provision of law that the jury-commission method was used in selecting the panel of jurors in question.

Appellant urged in the trial court and again urges in this court that such provision is special or class legislation that violates Article III, sec. 56, of our Texas Constitution, Vernon's Ann.St. and is therefore void. Article III, sec. 56, of the Constitution provides, among other things, that "The Legislature shall not * * * pass any local or special law, authorizing: * * * Summoning or empannelling grand or petit juries." It also provides that "in all other cases where a general law can be made applicable, no local or special law shall be enacted."

We agree with appellant's contention and accordingly hold said Section 15 of Chapter 492, Acts of the 54th Legislature, to be unconstitutional and void. In so doing, we find support in Rios v. State, Tex.Cr. App., 288 S.W.2d 77, and the opinion of the Court of Criminal Appeals in that case is referred to for a fuller discussion of the question that is involved. It follows that appellant was entitled to have his case tried by jurors selected in accordance with Articles 2094 and 2095, Vernon's Texas Civil Statutes, as amended, and that his motion to quash should have been sustained.

■ Appellee makes no contention that the jury panel was legally drawn. To the contrary, he was himself first in the trial court to question the panel's legality. He urges, however, that, by announcing ready for trial before filing and presenting his motion to quash, appellant waived his right to insist upon the motion or to complain of the court's action in overruling it.

Conceding that the irregularity in the manner of making up the jury panel is a matter that could have been waived by the parties and that would have been waived by their failure to object to it timely and in a proper manner, we are unable to agree that appellant waived it. The record reflects that when the case was

called for trial the plaintiff announced ready; that the defendant made a qualified announcement, announcing ready subject to his own motion to quash the jury panel; that the plaintiff thereupon filed his motion; that both motions were overruled; and that appellant's motion was overruled upon "the sole ground," in substance, that the court was not convinced that the motion had merit. Since the court considered the motion on its merits and overruled it only because it was thought to lack substantive merit, we think we must assume that the motion was filed with the court's permission, even though the record does not affirmatively show this to be so. We are further of the opinion that we must infer that either expressly or by implication the plaintiff requested and was granted permission to withdraw his unqualified announcement of ready and to announce subject to his motion to quash. In these circumstances, the motion was timely presented and acted upon.

Plaintiff did not by his initial announcement irrevocably waive his right to file and present the motion, nor did he forever estop himself from filing and relying upon it. He did no more than evidence a willingness at that stage of the proceedings to waive the irregularity or his right to object to it. He was confronted by a quite different situation, however, when the defendant insisted upon his own motion to quash, because the prospects of a trial in which a judgment could be rendered that would be equally binding on both him and the defendant thereupon vanished. In the changed circumstances, it would have been highly inequitable to hold him to his unqualified announcement of ready. Essential elements of both waiver and estoppel are lacking.

Granting that appellant's motion was essentially a challenge to the array, Rule 221, Texas Rules of Civil Procedure, which provides for such a challenge only in the event the officer summoning the jury has acted corruptly and has wilfully summoned jurors known to be prejudiced against the challenging party or biased in favor of his adversary, has no application. By its own terms the rule excepts from its effects arrays that are drawn by jury commissions or that are drawn from jury wheels.

■ Finally, there is the question of whether, as appellee contends, the error was harmless, or whether it requires that the judgment be set aside. It would be impossible for appellant to demonstrate with any degree of certainty that he in fact suffered injury as a result of the manner in which the jury panel was selected, and he has made no effort to show specific harm or injury, but we think that harm within contemplation of the so-called harmless-error rule and Rule 434, T.R.C.P., must be presumed in the circumstances, if such rule or rules can be said to be applicable to the situation at all. Approval of the judgment would be tantamount to denying appellant his constitutional right of a trial by jury, because trial by a jury that has at least been selected in substantial compliance with law is what is guaranteed him by both the federal and our state constitutions. There was no substantial compliance with the law in this instance. Furthermore, the constitutional question aside, approval of the judgment would, in a sense, leave to the discretion of trial courts the methods by which grand and petit jurors are to be drawn and selected, or would at least tend to promote laxness in complying with the laws governing the selection of jurors, and this should not be.

The judgment of the trial court as between appellant and appellee Wilson is reversed and the cause is remanded for a new trial.