Damasio C. RIVAS, Petitioner,

v.

LIBERTY MUTUAL INSURANCE COMPANY, Respondent.

No. B–2821.

Supreme Court of Texas.

May 24, 1972.

Rehearing Denied June 21, 1972.

Edwards & DeAnda, Joe K. Longley and John L. Johnson, Corpus Christi, for petitioner.

Keys, Russell, Watson & Seaman, M. W. Meredith, Jr., Corpus Christi, for respondent.

DENTON, Justice.

This workmen's compensation case resulted in a jury verdict in favor of petitioner and a judgment thereon allowing an award for total and permanent disability. The principal question to be decided is whether the trial court's refusal of respondent's request for a shuffle and redrawing of the juror's names constitutes reversible error. The court of civil appeals reversed and remanded the cause, holding the error was harmful. 466 S.W. 2d 823. We reverse the judgment of the court of civil appeals and affirm the judgment of the trial court.

Juries to try civil and non-capital criminal cases in the county and district courts of Nueces County, where this case was tried, are obtained from a central jury panel, as provided by Article 2101, Vernon's Ann.Civil Statutes, known as the interchangeable jury. Rule 223, Texas Rules of Civil Procedure, applicable in counties governed by the laws providing for interchangeable juries, provides in part that upon request the names of available jurors in such cases be placed in a receptacle and well shaken, and be drawn and transcribed in the order so drawn.

It is undisputed that the method of placing of the names of prospective jurors on the general jury panel list did not comply with Rule 223, T.R.C.P., in that the names were not placed on the panel list in the order in which they were drawn from the jury wheel. However, the complaint here is that the trial court erred in refusing respondent's ". . . motion that the drawing of the juror's names to make up the panel for this case be made, and request the court to make such a drawing." Although the statement by the trial judge indicates he may not have fully understood the respondent's motion, we agree with the court of civil appeals that the motion was directed to the list of twenty-nine (29) jurors sent to the trial court from the central jury room. In any event, the trial court refused the request.

The record is undisputed that the general jury panel was listed in the order in which the letters of summons were collected from the prospective jurors at random by the bailiff. Jury lists for each requesting trial court were then prepared by the assignment clerk.

The court of civil appeals recognized that the doctrine of harmless error has been applied to errors of procedure. Ross v. Texas Employer's Ins. Ass'n., 153 Tex. 276, 267 S.W.2d 541; Texas Power and Light Co. v. Hering, 148 Tex. 350, 224 S. W.2d 191. The harmless error rule has been applied where the trial court has failed to comply with the statute or Rules of Civil Procedure prescribing the method of listing the names of the jurors. Gulf, C. & S. F. Ry. v. Keith, 74 Tex. 287, 11 S.W. 1117 (1889); Galveston, H. & S. F. Ry. v. Wessendorf (Tex.Civ.App.) 39 S.W.

132, (no writ); State v. Hilton, (Tex.Civ. App.) 405 S.W.2d 715, reversed on other grounds, 412 S.W.2d 41, (1967); Southwestern Public Service Company v. Morris, (Tex.Civ.App.) 380 S.W.2d 648, (no writ).

The court of civil appeals, relying principally upon Heflin v. Wilson, (Tex.Civ. App.) 297 S.W.2d 864, (writ ref.), and Tamburello v. Welch, 392 S.W.2d 114 (Tex.Civ.App.1965), held that failure to reshuffle and draw the jury list in violation of Rule 223, raised an inference of probable harm. These two cases are distinguishable and are not controlling here. In *Heflin* the jury panel had been selected by the jury-commission method rather than the required use of the jury wheel. *Tamburello* involved the denial of the proper number of peremptory challenges. The court in both cases held the error amounted to a violation of the fundamental right of trial by jury, and the errors in each case raised an inference of probable harm.

As we view the record here, no such fundamental right of trial by jury was violated. The court of civil appeals recognized the listing and reshuffle provisions of Rule 223 are designed to insure a random selection of jurors. While the method used here did not conform to the method prescribed by the rule, it did insure a degree of randomness in the listing of the jurors. Prospective jurors were not seated in numerical order as they reported to the central jury room. The record shows the bailiff then circulated among the remaining qualified jurors and collected their letters of summons. The clerk then compiled the jury list in the order of collection of the summons. The underlying purpose of issuing a random list of jurors was thus substantially complied with. We, therefore, conclude the error complained of did not raise an inference of probable harm.

Respondent also takes the position that substantial injury was shown through the failure to honor the random selection of jurors, and through respondent's exhausting of its peremptory challenges. The argument is that the jury would have been composed of different jurors had its request been granted. It does not follow, however, that in this closely contested case, a different jury would have reached a different verdict. Respondent makes no attempt to show that it was required to accept a juror which it otherwise would have stricken had it not been for the trial court's ruling. Undoubtedly, the procedure followed by the trial court was erroneous; however we have concluded, in the light of the record as a whole, that the method used in selecting the jury did not probably cause and was not reasonably calculated to cause the rendition of an improper judgment.

The judgment of the court of civil appeals is reversed and the judgment of the trial court is affirmed.