**Wallace D. BERNER et ux., et al.,
Appellants,**

v.

**SOUTHWESTERN PUBLIC SERVICE
COMPANY, Appellee.**

**No. 8486.**

Court of Civil Appeals of Texas,
Amarillo.

Dec. 31, 1974.

Rehearing Denied Jan. 27, 1975.

J. E. Blackburn, Spearman, for appellants.

Lemon, Close, Atkinson & Shearer, Otis C. Shearer, Perryton, for appellee.

ELLIS, Chief Justice.

In this condemnation case, the condemnees have appealed from the order of the trial court overruling their motion for a new trial on grounds of alleged irregularity in the manner of selecting additional jurors for the jury panel. Affirmed.

The condemnation proceedings were instituted by Southwestern Public Service Company, petitioner-appellee, against Wallace D. Berner, et ux., et al., respondents-appellants, to secure a right of way and easement for the construction, operation and maintenance of an electric power line across certain land, owned by the appellants. The landowners-appellants have appealed from the award of the special commissioners to the County Court of Hutchinson County, Texas. The case was heard de novo before a jury in the County Court on October 24, 1973. The judgment

awarding the landowners a lesser sum than that awarded by the special commissioners was entered by the County Court on January 8, 1974. The appellants subsequently filed a motion for new trial on the ground that material and harmful error occurred in this case by reason of the selection of additional jurors without the use of the jury wheel.

At the hearing on the motion for new trial, held on January 29, 1974, the appellants' counsel testified that about a week or ten days after the trial, he was visiting with a deputy sheriff and learned that the six additional jurors were not selected from the jury wheel, but that the persons had been called by telephone on the previous afternoon to appear and serve as members of the jury panel. Appellants' attorney further stated that he was reviewing the file in the case after the case was over and he recalled from the voir dire examination that all of the six additional jurors seemed to be from the Stinnett area, and that it struck him "a little bit strange."

The appellants' counsel secured from the county judge the six additional names the morning before the case was actually called for trial. No complaint was made concerning the empanelling of the jury at any time during the trial. We note that the judgment was not entered until January 8, 1974, approximately two and one-half months after the trial. Thus, the judgment in the case was not entered for approximately two months after appellants' counsel inquired of the deputy sheriff concerning the manner of selection of the additional jurors.

Six members of the regular jury panel for the week had served as jurors in a previous condemnation case in the same court and involving the same lawyers. It was understood in a conference between the court and counsel for both sides that the court would excuse the six jurors who had served in the preceding case and that six more jurors would be added to the jury panel that was to serve in the Berner case.

At the request of the trial judge, the deputy sheriff with the assistance of the trial judge's secretary called persons in Stinnett by telephone regarding service on the jury. The six additional jurors resulted from these efforts. Three of the six additional jurors served as members of the jury in this case, while the other three jurors were members of the regular panel for the week.

Subsequent to the entry of judgment, the appellants' motion for new trial was filed. After hearing, the trial court overruled the motion. This appeal from the order overruling the motion for new trial is predicated on four points of error by which the appellants complain of the selection of additional jurors without the use of the jury wheel.

In the case of King v. Moberly, 301 S. W.2d 202 (Tex.Civ.App.—Eastland 1957, no writ), it was held that ordinarily it is too late to complain of the jury panel or of errors in the selection of the jury when the complaint is made for the first time in a motion for new trial. It was further pointed out in the opinion that the above rule is applicable not only when the party is aware of the irregularity but also when he might have discovered it by inquiry. Also, it was noted that since the appellant failed to show that he could not by diligence have discovered and urged the matter complained of at the time of selection of the jury, he could not first complain of it in his motion for new trial. Further, it was pointed out that the reason for the rule was to prevent a party from taking his chances on a favorable verdict and then obtaining a second trial by reason of the irregularity.

The appellants rely on the holding in the case of Heflin v. Wilson, 297 S.W.2d 864 (Tex.Civ.App.—Beaumont 1956, writ ref'd) in support of their position. In that case the irregularity of not using the jury wheel was raised in a motion to quash the panel and the trial court had been afforded the opportunity to correct the error. The

court also noted that the irregularity in the manner of making up the jury panel can be waived by a party's failure to timely and properly object, but that, under the circumstances of the case before it, the court was unable to agree that the appellant had waived it since he had timely filed his motion to quash the panel.

In the instant case, the appellants' counsel was well aware that more jurors were to be added to the panel. On the morning of the trial appellants' counsel stopped by the trial judge's office and made a written list of the additional jurors in advance of the beginning of the voir dire examination of the panel. Also, appellant's counsel testified that he recalled from the voir dire examination of the six additional jurors, it struck him as being "a little bit strange" that all of the additional jurors were from the Stinnett area. It is our opinion that by proper diligence in checking on the manner of selection of the additional jurors, a timely challenge to the array could have been urged prior to the final selection of the six jurors who would sit in the case. Also, in our opinion, no harm has been shown by reason of the manner of selection of the additional members of the panel. The fact that the jurors chose to follow the testimony favorable to the appellee rather than that favorable to the appellants does not constitute a basis for granting a new trial. Further, half of the jurors empaneled were members of the regular panel and there is no showing that the "called" jurors caused any irregularity in the deliberations or proceedings of the jury in reaching its verdict.

It is our opinion that in the absence of a showing of proper diligence on the part of the appellants in ascertaining the manner of selection of the additional panelists in sufficient time to enable the trial court to have corrected any error, the trial court did not err in overruling the appellants motion for new trial. All of the appellants' points of error are overruled.

The judgment of the trial court is affirmed.