**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellant,**

v.

**Robert F. BURGE, Appellee.**

**No. 8495.**

Court of Civil Appeals of Texas, Beaumont.

Nov. 6, 1980.

Rehearing Denied Dec. 4, 1980.

James L. Weber, Beaumont, for appellant.

Glen Morgan, Beaumont, John H. Richards, Lubbock, for appellee.

DIES, Chief Justice.

This is a worker's compensation suit wherein Robert F. Burge, as plaintiff below, sued Texas Employers' Insurance Association, defendant below, and secured a judgment, from which the latter brings this appeal in two points of error. The parties herein will be referred to as they were below.

Defendant's first point of error contends the trial court erred by refusing to grant its motion to shuffle or quash the jury panel, and defendant was thereby denied a fair trial because numerous jurors had been excused from service for unauthorized and illegal reasons outside the presence of the parties.

Jefferson County operates under the interchangeable jury system, and one judge organizes all jurors. In the case at bar, plaintiff made his objections before the court assigned to try the case. He should have made these objections—for us to consider them—before and at the time the organizing judge was selecting the prospective jurors for the period. *Texas and New*

*Orleans Railroad Company v. Jacks*, 306 S.W.2d 790 (Tex.Civ.App.—Beaumont 1957, writ ref'd n.r.e.). This point is overruled.

Defendant's second point of error complains of certain argument of plaintiff as follows:

a. Plaintiff's counsel argued: "Do you think this claims investigator sitting here, he investigated this claim, do you think if there was someone out there working with him [he] could come in and say Hey he does everything just like everybody else." After objection the trial court admonished plaintiff's counsel to "stay in the record."

b. Plaintiff's counsel's argument that Texas Employers' Insurance Association, by selling the policy of worker's compensation, was contractually obligated to plaintiff but was now trying to get out of the contract, "to break it," and "[l]et him off the hook." The court admonished the jury to "disregard the remarks" and "you are taking your time making inflammatory arguments" (to plaintiff's counsel).

c. Plaintiff's counsel referring to the physician defendant called to testify as "his boy" and "[t]hat's his doctor." The court said: "Stay in the record," and "He [the physician] is not anybody's, he's an expert witness."

In a recent case our Supreme Court stated: "There are only rare instances of incurable harm from improper argument." *Standard Fire Ins. Co. v. Reese*, 584 S.W.2d 835, 839–40 (Tex.1979). That court sets out seven elements the complainant must prove to obtain reversal for improper argument.

Interesting also is the court's pointed referral to the present rule of "[h]armless error" and it evolution in Texas [*Tex.R. Civ.P. 434 and 503*].

See also the recent case of *Lorusso v. Members Mutual Insurance Company*, 603 S.W.2d 818, 819–21 (Tex.1980):

"The language of the rule [503] is clear and direct. The rule recognizes that a litigant is not entitled to a perfect trial

for, indeed, few trials are perfect. In recognition of this fact, the harmless error rule establishes a sound and common sense policy of not reversing a judgment unless the error or errors can be said to have contributed in a substantial way to bring about the adverse judgment.... The rule by its very term applies to all errors in that it draws no distinction as to the type of errors involved in its requirement for reversal. [at 819–20].

\*   \*   \*   \*   \*   \*

"We recognize the impossibility of prescribing a specific test for determining whether any error, be it the improper admission or exclusion of evidence, improper argument, or the giving or depriving of a party of the proper number of peremptory challenges, 'was reasonably calculated to cause and probably did cause the rendition of an improper judgment.' Such a determination necessarily is a judgment call entrusted to the sound discretion and good senses of the reviewing court." [at 821].

While we do not approve of the argument complained of in the case at bar, it does not reach the level of inflammatory remarks we found in *Fortenberry v. Fortenberry*, 582 S.W.2d 188 (Tex.Civ.App.—Beaumont 1979, writ ref'd n.r.e.).

We find the errors in the argument complained of to be harmless, overrule this point, and affirm the judgment below.

AFFIRMED.

KEITH, Justice, dissenting.

Although I have grave doubts as to the correctness of the decision upon either of the two grounds set out in the majority opinion, I will confine my dissent to the first, that relating to the jury.

Perhaps the opinion in *Texas & New Orleans Railroad Company v. Jacks*, 306 S.W.2d 790, 793–794 (Tex.Civ.App.—Beau-

mont 1957, writ ref'd n.r.e.), should be followed. After all, it is one pragmatic solution to a troublesome problem with large constitutional dimensions. But, it should always be remembered that the fifteenth section of our Bill of Rights reads:

"The right of trial by jury shall remain inviolate. The Legislature shall pass such laws as may be needed to regulate the same, and to maintain its purity and efficiency...." *Tex.Const. Art. I, § 15.*

Pursuant to such constitutional mandate, the Legislature has adopted *Tex.Rev.Civ. Stat.Ann. art. 2120 (Supp. 1980)*, reading:

"The court may hear any reasonable sworn excuse of a juror, and may release him entirely or until some other day of the term; *provided, however, the court shall not excuse any juror for economic reasons unless all parties of record are present and approve such excuse".*[1]

Since the majority neglects to set out the facts showing the gross violation of the constitutional rights of a litigant, I have prepared the following chart from material appearing in defendant's appellate brief which has not been challenged under *Tex.R. Civ.P. 419 (1967)*:

The Shrinkage of the Panel

| | |
|---|---|
| Jurors whose names were selected for service | 700 |
| Jurors who did not appear or were excused prior to date of service | 475 |
| Jurors who attended pursuant to summons | 150 |
| Jurors excused for economic reasons | 46 |
| Jurors excused for no reasons | 31 |
| Jurors excused for ill health | 38 |
| Jurors excused for some non-statutory reason | 14 |

When the panel was presented to the litigants, the defendant filed its motion to "reshuffle" the panel under *Tex.R.Civ.P. 223*,[2] but the clerk make it known to the trial court that there were no more jurors

---

1. All emphasis herein has been supplied unless otherwise indicated.

   The italicized language was not a part of the statute at the time *Jacks*, supra, was decided.

2. The applicable language in *Rule 223* reads: "[P]rovided, however, that the trial judge upon the demand of any party to any case reached for trial by jury, or of the attorney for any such party, shall cause the names of all the members of the general panel available for service as

available although the particular panel was the first draw of the week.

There is no pretense made that the trial court followed the provisions of the statute in excusing the prospective jurors for economic reasons. There is not a line of testimony that any party to any cause set for trial that particular week had been asked to be present or to approve the excusing of any one of the forty-six jurors who should have been available for a shuffle under *Rule 223.*

I recognize, as indeed I must, that the harmless error rule has been applied to the reshuffling provisions of *Rule 223. Rivas v. Liberty Mutual Insurance Company,* 480 S.W.2d 610, 612 (Tex.1972). But, while the Supreme Court found error in denying the defendant's right to a shuffle, it upheld such denial on the theory that there had been a random selection of jurors under the procedure actually used. (Id.)[3]

That is not the point now before this court. Our record shows beyond dispute that had the trial court followed the positive provisions of the statute (*Art. 2120*) there would have been forty-six more jurors in the room who could have been added to the list handed to the parties in the case at bar.

I would follow the rule first enunciated by this Court in *Heflin v. Wilson,* 297 S.W.2d 864, 866 (Tex.Civ.App.—Beaumont 1956, writ ref'd), wherein it was held:

"Approval of the judgment would be tantamount to denying appellant his constitutional right of a trial by jury, because trial by a jury that has at least been selected in substantial compliance with law is what is guaranteed him by both the federal and our state constitutions. There was no substantial compliance with the law in this instance."

And, I might add, there has been no apology or excuse offered for the flagrant viola-

tion of the constitutional and statutory provisions noted above.

The other case I would rely upon is *Tamburello v. Welch,* 392 S.W.2d 114, 117 (Tex. 1965), where a unanimous court held that a party was not required to show harm or that specific injury resulted from the action of the trial court. Instead, as pointed out in the cited case of *Texas Employers' Ins. Ass'n v. McCaslin,* 159 Tex. 273, 317 S.W.2d 916, 921 (1958), "The burden of the complaining party is met by showing that the trial which resulted in a judgment against him was materially unfair."

When defendant's counsel entered the courtroom for trial, he did so secure in the presumption that the public officers, namely, the particular district judge of Jefferson County who had empaneled the jury for that week, had performed his duties and had acted in a regular and lawful manner. See the many cases cited in *1 Texas Practice, Law of Evidence § 94, at 134, et seq. (Ray, 3rd Ed., 1980).* I submit that it is unrealistic to require a litigant to anticipate that the law regulating the excuse of jurors would not be followed by those charged with the important duty of protecting the jury system. Yet, that is the effect of the rule enunciated in *Jacks,* supra.

Our defendant demonstrated that a trial judge in Jefferson County had improperly excused 46 jurors in violation of a statute—thus, had the statute been followed, 46 more names could have been added to those in the panel and the 72 names shuffled to meet the requirements of *Rule 223* so that different faces would have been seen in the jury box.

Since *Tamburello,* supra, the Supreme Court has consistently held that under the harmless error rule reversal is required where error results in a materially unfair trial, and that "when the trial is contested and the evidence is sharply conflicting, the

---

jurors in such case to be placed in a receptacle and well shaken, and said trial judge shall draw therefrom the names of a sufficient number of jurors from which a jury may be selected to try such cause, and such names shall be transcribed in the order drawn on the jury list from which the jury is to be selected to try such case."

3. *Art. 2120,* prohibiting the excusing of jurors for economic reasons without the approval of parties of record, was not adopted until after the trial in *Rivas* which began on March 9, 1970 (466 S.W.2d 823 at 824). *Art. 2120,* as amended, did not become effective until July 15, 1971.

error results in a materially unfair trial without showing more." *Patterson Dental Co. v. Dunn*, 592 S.W.2d 914, 921 (Tex.1979). In passing upon this point, I have given careful consideration to the record in the case, noting that the issue of extent and duration of incapacity was a hotly fought issue and that the inflammatory argument disapproved by the majority only served to exacerbate the error herein discussed.

I would hold that the statutory requirement set out in *Article 2120* means just what it says. A trial court is not authorized to follow or to disregard the statute at its whim. When a positive statute regulating jury selection is violated, a party has been denied his constitutional right of a fair trial. When an appellate court approves such denial, it does a disservice to the system as well as to the litigant. I would reverse the judgment and remand the cause for a trial before a jury selected and empaneled in accordance with *Article I, Section 15* of our constitution and the statutes enacted pursuant thereunto.

It may be said that the busy trial courts of this State cannot operate under a strict reading of *Article 2120.* That may very well be true; but, the solution is to seek a repeal or amendment of the statute, not to ignore a statute adopted pursuant to constitutional mandate.