NO. 07-02-0435-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



MARCH 4, 2004



______________________________




PHYLLIS KAY WELLS, APPELLANT



V.



MARION KANE BARROW AND AMANDA BELLE BARROW, APPELLEES




_________________________________



FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;



NO. 49,948-B; HONORABLE JOHN B. BOARD, JUDGE



_______________________________



Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

OPINION


 Appellant, Phyllis Kay Wells, challenges a judgment for appellees Marion Kane
Barrow and Amanda Belle Barrow, rendered on a jury verdict for personal injuries arising
from a car collision. Appellant presents a single point of error challenging the composition
of the jury which heard the case. We affirm.

 The basic facts of the collision are not in dispute. Appellant was the driver of the
third of three cars stopped at a traffic signal. While waiting, her foot slipped off the brake
pedal and hit the accelerator. She struck the car in front of her, which in turn struck the first
car. Appellee Amanda Barrow was the front seat passenger in that vehicle. She was
approximately 33 weeks pregnant at the time of the collision. Appellees brought suit
against appellant for negligence. 

 The case was called for trial in June 2002. The jury venire consisted of 42
members. After voir dire, the trial court sustained ten challenges for cause. The parties 
exercised six peremptory strikes each. Three of those peremptory strikes overlapped,
leaving 23 venire members. The sixth "unstruck" venire member was Linda Pearson. 
When the court clerk called the names of panel members who would compose the jury, she
mistakenly omitted Pearson's name, resulting in another panel member, Sylvia McDade,
serving on the jury. Neither party brought the error to the attention of the court at that time. 
After a two-day trial, the jury returned a unanimous verdict for appellees. 

 After the verdict, but before rendition of judgment, appellant filed a motion for new
trial asserting, among other grounds, that the jury was not properly selected. Appellant's
motion argued in support of her challenge to the jury that she was "entitled to a new trial
because the jury chosen by the parties was not the jury that was impaneled to hear the
case." No contention was made that McDade was disqualified; she was not challenged for
cause at trial. The trial court overruled the motion for new trial and rendered judgment for
appellees. Appellant timely perfected appeal from that judgment.

 Appellant's first argument on appeal is that the exclusion of Pearson violated her
constitutional right to "select a jury." A party's right to a trial by jury is established by Article
I, Section 15 of the Texas Constitution and the Seventh Amendment to the U. S.
Constitution. (1) Article V, Section 13 of the Texas Constitution specifies that petit juries in
district court shall have twelve members. None of the authority relied on by appellant
supports her asserted right to "select" the members of a jury. The right to a jury trial
encompasses a right to have the jury selected in substantial compliance with the applicable
procedural statutes and rules. Heflin v. Wilson, 297 S.W.2d 864, 866
(Tex.Civ.App.-Beaumont 1956, writ ref'd) (jury panel erroneously chosen by jury
commission method rather than required jury wheel method). Under those statutes and
rules the parties have a role in excluding prospective jurors who are disqualified or unfit for
service as jurors, by virtue of bias or prejudice or otherwise. See Tex. Gov't Code § 62.105
(Vernon 1998); Tex. R. Civ. Proc. 229. The statutes and rules also allow parties a limited
opportunity to strike prospective jurors even when bias or prejudice cannot be shown, see
Tex. R. Civ. Proc. 232-33, and provide for the involvement of the parties in some decisions
to excuse prospective jurors, see Tex. Gov't Code § 62.110(c) (Vernon 1998) (requiring
approval of parties for excuse of prospective juror for economic reason). Our state
constitution, statutes and rules cannot be said, though, to grant litigants the right to "select"
jury members. Restated, the right to a jury trial is a right to have fact questions resolved
by an impartial jury. See Babcock v. Northwest Memorial Hosp., 767 S.W.2d 705, 709
(Tex. 1989). That right is distinguishable from a right to have particular persons serve on
the jury. 

 Appellant's argument is also premised on her position that the jury in this case was
not selected in substantial compliance with the Rules of Civil Procedure. Appellant cites 
McDaniel v. Yarbrough, 898 S.W.2d 251, 253 (Tex. 1995), in support of her argument that
the clerk's failure to call Pearson's name when announcing the jury in accordance with "the
simple, clear directive of Rule 234 is a shocking lack of compliance with that rule which
resulted in fundamental, constitutional error." McDaniel did not speak to the selection of a
jury. It concerned the requirement of Article V, Section 13 of our state constitution and
Rule of Civil Procedure 292 that a district court jury consist of twelve members unless not
more than three jurors die or "be disabled from sitting." The trial court had dismissed a
juror during trial pursuant to Rule 292 because the juror informed the court she could not
return after a recess due to local flooding. Id. at 252. A divided Supreme Court found such
temporary inability to return to the courthouse was not the type of disability contemplated
by Article V, Section 13 or Rule 292. Id. at 253. 

 We find persuasive two cases in which procedural errors in formation of the venire
or jury were the basis for appeal. In City of San Augustine v. Johnson, 349 S.W.2d 653
(Tex.Civ.App.-Beaumont 1961, writ ref'd n.r.e.), a county judge failed to administer a
statutorily required oath to the county clerk on delivery of the jury lists. Id. at 654. The
court found no reversible error, distinguishing Heflin on the basis that the error did not
involve the entire system of jury selection but "only the oversight of one step or link in the
chain of proceedings under the proper law." Id. at 654. 

 In Rivas v. Liberty Mutual Ins. Co., 480 S.W.2d 610 (Tex. 1972), our Supreme Court
considered the effect of the failure to follow a rule requiring members of a jury panel be
listed in the order their names were drawn from the jury wheel. It was undisputed that
names were listed in the order the summons letters were collected by the bailiff. Id. at 611. 
Relying on Heflin, the court of appeals held the procedure used, and the denial of a jury
shuffle, raised an inference of harm and reversed. Liberty Mutual Ins. v. Rivas, 466 S.W.2d
823 (Tex.Civ.App.-Corpus Christi 1971), reversed, 480 S.W.2d 610. The Supreme Court
disagreed, finding the procedure employed "substantially complied" with the underlying
purpose of the rule to create a random list. 480 S.W.2d at 612. Of particular significance
here is the court's rejection of an argument based on the contention that denial of the
requested jury shuffle resulted in a different jury than would have heard the case had the
request been granted. While conceding the procedure followed was not the proper one,
the court concluded the method used did not probably cause, and was not reasonably
calculated to cause, the rendition of an improper judgment. It reversed the court of appeals
and affirmed the judgment of the trial court. Id. 

 We find Rivas controlling in the case now before us. In each, there was a mistaken
failure by court personnel to follow a procedural rule, the result of which was that different
venire members made up the jury. As in Rivas, too, appellant has failed to make any
showing that any member of the jury was not qualified to serve. 

 Rivas disposes of appellant's argument that a procedural error in selecting a jury is
fundamental constitutional error not subject to waiver or harmless error analysis. Rejection
of appellant's argument is consistent with opinions considering similar challenges. In
Berner v. Southwestern Public Service Co., 517 S.W.2d 924 (Tex.Civ.App.--Amarillo 1974,
writ ref'd n.r.e.), this court held presentation of complaints regarding the selection of a jury
in a motion for new trial are ordinarily too late. Id. at 925. This rule applies not only when
the party is aware of the irregularity but also when he might have discovered it by inquiry.
Id. See also Lopez v. State, 437 S.W.2d 268, 269 (Tex.Crim.App. 1968) (applying rule in
criminal context). While this authority supports the proposition that such complaints are
subject to waiver, our disposition is not dependant on a finding of waiver.

 Alternatively, appellant contends for the application of the "relaxed" harmless error
standard of review utilized by the Fort Worth court of appeals in Carr v. Smith, 22 S.W.3d
128, 135 (Tex.App.--Fort Worth 2000, pet. denied). This standard requires the complaining
party to show that the trial was materially unfair, without having to demonstrate specific
harm. Id. Appellant argues the existence of hotly contested issues at trial establishes that
the error resulted in a materially unfair trial. Accepting that there were several contested
issues here, we nonetheless find the "materially unfair" standard inapplicable. The standard
has been applied primarily in cases involving peremptory strikes. Lopez v. Foremost
Paving, Inc., 709 S.W.2d 643 (Tex. 1986); Garcia v. Central Power & Light Co., 704
S.W.2d 734 (Tex. 1986); Patterson Dental Co. v. Dunn, 592 S.W.2d 914 (Tex. 1979);
Tamburello v. Welch, 392 S.W.2d 114 (Tex. 1965); see Lorusso v. Members Mut. Ins. Co.,
603 S.W.2d 818 (Tex. 1980); Dunlap v. Excel Corp., 30 S.W.3d 427 (Tex.App.-Amarillo
2000, no pet.). This case does not involve the potentially unfair advantage that can result
from the awarding of peremptory strikes. Nor did the clerk's error here result in the kind of
adverse effect on the randomness of the jury or venire that the Fort Worth court found in
Carr, 22 S.W.3d at 133-35, and in Mendoza v. Ranger Ins. Co., 753 S.W.2d 779
(Tex.App.-Fort Worth 1988, writ denied). Nor does it involve the type of prejudicial
misconduct that concerned the majority in Mann v. Ramirez, 905 S.W.2d 275, 283
(Tex.App.-San Antonio 1995, writ denied). The contention that a closely contested case
substitutes for a showing of harm was rejected in Rivas. 480 S.W.2d at 612. Following
Rivas, we find this record does not demonstrate reversible error. Tex. R. App. Proc. 44.1. 
We overrule appellant's issue and affirm the judgment of the trial court.


 James T. Campbell

 Justice

1. Other than a citation to the Seventh Amendment, appellant presents no federal law
argument in support of her appeal. Nor does she assert federal law affords her greater
rights than the Texas Constitution.