NO. 07-02-0435-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

MARCH 4, 2004

_____

PHYLLIS KAY WELLS, APPELLANT

V.

MARION KANE BARROW AND AMANDA BELLE BARROW, APPELLEES

_____

FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;

NO. 49,948-B; HONORABLE JOHN B. BOARD, JUDGE

_____

Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

**OPINION**

Appellant, Phyllis Kay Wells, challenges a judgment for appellees Marion Kane Barrow and Amanda Belle Barrow, rendered on a jury verdict for personal injuries arising from a car collision. Appellant presents a single point of error challenging the composition of the jury which heard the case. We affirm.

The basic facts of the collision are not in dispute. Appellant was the driver of the third of three cars stopped at a traffic signal. While waiting, her foot slipped off the brake pedal and hit the accelerator. She struck the car in front of her, which in turn struck the first car. Appellee Amanda Barrow was the front seat passenger in that vehicle. She was approximately 33 weeks pregnant at the time of the collision. Appellees brought suit against appellant for negligence.

The case was called for trial in June 2002. The jury venire consisted of 42 members. After voir dire, the trial court sustained ten challenges for cause. The parties exercised six peremptory strikes each. Three of those peremptory strikes overlapped, leaving 23 venire members. The sixth "unstruck" venire member was Linda Pearson. When the court clerk called the names of panel members who would compose the jury, she mistakenly omitted Pearson's name, resulting in another panel member, Sylvia McDade, serving on the jury. Neither party brought the error to the attention of the court at that time. After a two-day trial, the jury returned a unanimous verdict for appellees.

After the verdict, but before rendition of judgment, appellant filed a motion for new trial asserting, among other grounds, that the jury was not properly selected. Appellant's motion argued in support of her challenge to the jury that she was "entitled to a new trial because the jury chosen by the parties was not the jury that was impaneled to hear the case." No contention was made that McDade was disqualified; she was not challenged for cause at trial. The trial court overruled the motion for new trial and rendered judgment for appellees. Appellant timely perfected appeal from that judgment.

Appellant's first argument on appeal is that the exclusion of Pearson violated her constitutional right to "select a jury." A party's right to a trial by jury is established by Article I, Section 15 of the Texas Constitution and the Seventh Amendment to the U. S. Constitution.[1] Article V, Section 13 of the Texas Constitution specifies that petit juries in district court shall have twelve members. None of the authority relied on by appellant supports her asserted right to "select" the members of a jury. The right to a jury trial encompasses a right to have the jury selected in substantial compliance with the applicable procedural statutes and rules. *Heflin v. Wilson*, 297 S.W.2d 864, 866 (Tex.Civ.App.–Beaumont 1956, writ ref'd) (jury panel erroneously chosen by jury commission method rather than required jury wheel method). Under those statutes and rules the parties have a role in excluding prospective jurors who are disqualified or unfit for service as jurors, by virtue of bias or prejudice or otherwise. *See* Tex. Gov't Code § 62.105 (Vernon 1998); Tex. R. Civ. Proc. 229. The statutes and rules also allow parties a limited opportunity to strike prospective jurors even when bias or prejudice cannot be shown, *see* Tex. R. Civ. Proc. 232-33, and provide for the involvement of the parties in some decisions to excuse prospective jurors, *see* Tex. Gov't Code § 62.110(c) (Vernon 1998) (requiring approval of parties for excuse of prospective juror for economic reason). Our state constitution, statutes and rules cannot be said, though, to grant litigants the right to "select" jury members. Restated, the right to a jury trial is a right to have fact questions resolved by an impartial jury. *See Babcock v. Northwest Memorial Hosp.*, 767 S.W.2d 705, 709

---

[1]Other than a citation to the Seventh Amendment, appellant presents no federal law argument in support of her appeal. Nor does she assert federal law affords her greater rights than the Texas Constitution.

(Tex. 1989).  That right is distinguishable from a right to have particular persons serve on the jury.

Appellant's argument is also premised on her position that the jury in this case was not selected in substantial compliance with the Rules of Civil Procedure.  Appellant cites *McDaniel v. Yarbrough*, 898 S.W.2d 251, 253 (Tex. 1995), in support of her argument that the clerk's failure to call Pearson's name when announcing the jury in accordance with "the simple, clear directive of Rule 234 is a shocking lack of compliance with that rule which resulted in fundamental, constitutional error." *McDaniel* did not speak to the selection of a jury.  It concerned the requirement of Article V, Section 13 of our state constitution and Rule of Civil Procedure 292 that a district court jury consist of twelve members unless not more than three jurors die or "be disabled from sitting."  The trial court had dismissed a juror during trial pursuant to Rule 292 because the juror informed the court she could not return after a recess due to local flooding. *Id.* at 252.  A divided Supreme Court found such temporary inability to return to the courthouse was not the type of disability contemplated by Article V, Section 13 or Rule 292. *Id. at 253.*

We find persuasive two cases in which procedural errors in formation of the venire or jury were the basis for appeal.  In *City of San Augustine v. Johnson*, 349 S.W.2d 653 (Tex.Civ.App.–Beaumont 1961, writ ref'd n.r.e.), a county judge failed to administer a statutorily required oath to the county clerk on delivery of the jury lists. *Id.* at 654.  The court found no reversible error, distinguishing *Heflin* on the basis that the error did not involve the entire system of jury selection but "only the oversight of one step or link in the chain of proceedings under the proper law." *Id.* at 654.

-4-

In *Rivas v. Liberty Mutual Ins. Co.*, 480 S.W.2d 610 (Tex. 1972), our Supreme Court considered the effect of the failure to follow a rule requiring members of a jury panel be listed in the order their names were drawn from the jury wheel. It was undisputed that names were listed in the order the summons letters were collected by the bailiff. *Id.* at 611. Relying on *Heflin*, the court of appeals held the procedure used, and the denial of a jury shuffle, raised an inference of harm and reversed. *Liberty Mutual Ins. v. Rivas*, 466 S.W.2d 823 (Tex.Civ.App.–Corpus Christi 1971), *reversed*, 480 S.W.2d 610. The Supreme Court disagreed, finding the procedure employed "substantially complied" with the underlying purpose of the rule to create a random list. 480 S.W.2d at 612. Of particular significance here is the court's rejection of an argument based on the contention that denial of the requested jury shuffle resulted in a different jury than would have heard the case had the request been granted. While conceding the procedure followed was not the proper one, the court concluded the method used did not probably cause, and was not reasonably calculated to cause, the rendition of an improper judgment. It reversed the court of appeals and affirmed the judgment of the trial court. *Id.*

We find *Rivas* controlling in the case now before us. In each, there was a mistaken failure by court personnel to follow a procedural rule, the result of which was that different venire members made up the jury. As in *Rivas*, too, appellant has failed to make any showing that any member of the jury was not qualified to serve.

*Rivas* disposes of appellant's argument that a procedural error in selecting a jury is fundamental constitutional error not subject to waiver or harmless error analysis. Rejection of appellant's argument is consistent with opinions considering similar challenges. In

*Berner v. Southwestern Public Service Co.*, 517 S.W.2d 924 (Tex.Civ.App.--Amarillo 1974, writ ref'd n.r.e.), this court held presentation of complaints regarding the selection of a jury in a motion for new trial are ordinarily too late. *Id.* at 925. This rule applies not only when the party is aware of the irregularity but also when he might have discovered it by inquiry. *Id. See also Lopez v. State*, 437 S.W.2d 268, 269 (Tex.Crim.App. 1968) (applying rule in criminal context). While this authority supports the proposition that such complaints are subject to waiver, our disposition is not dependant on a finding of waiver.

Alternatively, appellant contends for the application of the "relaxed" harmless error standard of review utilized by the Fort Worth court of appeals in *Carr v. Smith*, 22 S.W.3d 128, 135 (Tex.App.--Fort Worth 2000, pet. denied). This standard requires the complaining party to show that the trial was materially unfair, without having to demonstrate specific harm. *Id.* Appellant argues the existence of hotly contested issues at trial establishes that the error resulted in a materially unfair trial. Accepting that there were several contested issues here, we nonetheless find the "materially unfair" standard inapplicable. The standard has been applied primarily in cases involving peremptory strikes. *Lopez v. Foremost Paving, Inc.,* 709 S.W.2d 643 (Tex. 1986); *Garcia v. Central Power & Light Co.,* 704 S.W.2d 734 (Tex. 1986); *Patterson Dental Co. v. Dunn,* 592 S.W.2d 914 (Tex. 1979)*; Tamburello v. Welch*, 392 S.W.2d 114 (Tex. 1965); *see Lorusso v. Members Mut. Ins. Co.*, 603 S.W.2d 818 (Tex. 1980); *Dunlap v. Excel Corp.*, 30 S.W.3d 427 (Tex.App.–Amarillo 2000, no pet.). This case does not involve the potentially unfair advantage that can result from the awarding of peremptory strikes. Nor did the clerk's error here result in the kind of adverse effect on the randomness of the jury or venire that the Fort Worth court found in

*Carr*, 22 S.W.3d at 133-35, and in *Mendoza v. Ranger Ins. Co.*, 753 S.W.2d 779 (Tex.App.–Fort Worth 1988, writ denied). Nor does it involve the type of prejudicial misconduct that concerned the majority in *Mann v. Ramirez*, 905 S.W.2d 275, 283 (Tex.App.–San Antonio 1995, writ denied). The contention that a closely contested case substitutes for a showing of harm was rejected in *Rivas*. 480 S.W.2d at 612. Following *Rivas*, we find this record does not demonstrate reversible error. Tex. R. App. Proc. 44.1. We overrule appellant's issue and affirm the judgment of the trial court.

James T. Campbell
Justice