Opinion issued August 18, 2011.



In The

Court of Appeals

For The

First District of
Texas

————————————

NO. 01-09-00920-CV

———————————

Ramona Jackson, Appellant

V.

Williams
Brothers Construction Co., Inc. and Ismael Alonso, Appellees



 



 

On Appeal from the 280th District Court 

Harris County, Texas



Trial Court Case No. 2006-42645

 



 

Dissenting Opinion

Texas’ Bill of Rights guarantees the right to trial by a fair
and impartial jury and authorizes the Legislature to pass laws to effectuate
this right.  See Hyundai Motor Co. v.
Vasquez, 189 S.W.3d 743, 749 (Tex. 2006); see also Tex. Const. art.  I, § 15 (“The right of trial by jury shall
remain inviolate.  The Legislature shall
pass such laws as may be needed to regulate the same, and to maintain its
purity and efficiency.”).  Towards this
end, the Supreme Court, as authorized by the Legislature and the Texas
Constitution[1], has promulgated rules
governing proper jury selection.  Among
these is Texas Rule of Civil Procedure 223 that sets out an unqualified right
to a jury shuffle, provided the demand is made prior to the commencement of
voir dire.  See Tex. R. Civ. P.
223.[2]  The
majority assumes without deciding that the trial court erred in denying
Jackson’s timely demand for a jury shuffle and then proceeds to analyze
the error under the harmless error standard adopted by the Fort Worth Court of
Appeals in Carr v. Smith, as well as
the traditional harm analysis set forth in Texas Rules of Appellate Procedure
44.1(a)(1) and (2), and concludes that Jackson failed to meet her burden under
either standard.  Jackson argues that
reversal is mandated in this case because the trial court’s error probably
prevented her from properly presenting her case on appeal.  See Tex. R. App. P. 44.1(a)(2).  Because
I would hold that Texas Rule of Appellate Procedure 44.1(a)(2) requires
reversal in the present case, I respectfully dissent. 

The majority cites to Rivas v. Liberty Mutual Insurance Co., 480 S.W.2d 610 (Tex. 1972), for the
proposition that a complaining party must demonstrate that the denial of a jury
shuffle affected the randomness of the jury in order to prevail under either
rule 44.1(a)(1) or (2).  Faulting Jackson
for failing to offer evidence that the court’s refusal to shuffle the jury
panel made it less random, the majority holds that Jackson failed to
demonstrate harm under either standard.

The “randomness” language utilized by Rivas, however, does not pertain to whether the litigant has
demonstrated sufficient harm, as the majority contends, but rather, whether an
appellate court should presume harm when confronted with the type of error
found in that case.  The Rivas court reasons that because Rule
223 was intended to “insure a random selection of jurors” and the jury
selection method utilized insured “a degree of randomness,” the method used
“substantially complied” with the underlying purpose of the rule, and
therefore, the error complained of did not raise an inference of probable
harm.  

The Rivas court
then proceeds to analyze the error under the traditional harmless error standard. 
Applying this standard, the court states that the complaining party must
do more than simply allege that the “jury would have been composed of
different jurors had its demand been granted” and suggests that a party could
prevail under such a standard if it were to “show that it was required to
accept a juror which it otherwise would have stricken had it not been for the
trial court’s ruling.”  Rivas, 480 S.W.2d at 612.[3]  

At most, Rivas stands for the proposition that in order to prevail under the
traditional harmless error standard of
review set forth in Rule 44.1(a)(1), a litigant must do more than simply show
that the “jury would have been composed of different jurors had its
request been granted.”  Id. at 612.  Rivas, however, does not require a litigant to show that the denial
of such a demand affected the randomness of the jury in order to prevail under
the same standard.  To the extent the
majority opinion misconstrues Rivas
to require such a showing, the majority opinion’s application of Rivas is flawed.  

Citing to Cortez v. HCCI-San Antonio, Inc., 159 S.W.3d 87 (Tex. 2005),
Jackson contends that the trial court’s error prevented her from properly
presenting her issue on appeal, and consequently, reversal is required.  See Tex. R. App. P. 44.1(a)(2).  In that case, the Texas Supreme Court stated:
“No one except the jurors themselves knows exactly what transpires in the jury
room; we know only the verdict….[W]e cannot know for certain that [the
challenged juror’s] inclusion did not affect the verdict, so we presume harm.”  Cortez,
159 S.W.3d at 91 (citing Crown Life Ins.
Co. v. Casteel, 22 S.W.3d 378, 388 (Tex. 2000) (applying Supreme Court’s
harmless error rule, codified as Texas Rule of Appellate Procedure 61.1(a),
which mandates reversal if error probably prevents appellant from properly presenting
case on appeal; also citing Texas Rule of Appellate Procedure 44.1(a)(2) (court
of appeals harmless error rule)).  Although Cortez addresses the erroneous denial of a challenge for cause, and
is therefore distinguishable from the present case, the Cortez court’s reasoning is nevertheless persuasive.[4]  It is no less difficult for a litigant to
satisfy the onerous requirements in this case than it was in Cortez. 
Just as the trial court’s
erroneous refusal to strike a juror for cause in Cortez requires reversal because it was not possible for the
appellate court to determine the impact the juror had on the verdict, the trial
court’s erroneous denial of a jury shuffle in this case also requires reversal
because it is not possible for the court to determine (1) what impact the two
jurors that Jackson was forced to accept after her demand for a jury shuffle
was denied had on the verdict, or (2) which prospective jurors would have been
impaneled had the jury been shuffled, much less what impact those jurors would
have had on the case.  

To require a litigant to
demonstrate harm under such circumstances places the litigant in an impossible position.  How
can a litigant prove that a jury is more or less random based on a shuffle that
never happened?  This analysis leads to a
chain of speculation about the possible composition of the jury and the harm
suffered.  Where, as the majority would
require here, courts hold litigants to such an impossible standard, they
foster a situation in which any trial
court judge can refuse a jury shuffle demand with perfect impunity, secure in
the knowledge that the litigant cannot meet its burden of proof on appeal.  How, after all, can a litigant “prove” that
one selection of qualified, nominally impartial jurors was preferable to
another selection of qualified, nominally impartial jurors?  

          This case also presents a deeper, unaddressed question—How can the trial court remain impartial
when it receives a timely Rule 223 demand to shuffle the jury panel?[5]
 Rule 223 states that the court “shall”
shuffle, which imposes a duty on the court to act.  See Tex. Gov’t Code Ann. § 311.016(2) (West
2005).  Lawyers demand shuffles because they have a professional belief
that those shuffles benefit their clients.  However,
for reasons that continue to mystify this Justice, existing case law imposes a
harmless-error analysis on a sitting Texas trial judge’s conscious refusal to
abide by a very clearly-worded rule.  Obviously the appellate court cannot compare
the composition of the non-shuffled panel with the shuffled panel when the
trial court did not do its job.  Instead, harm is analyzed under this
so-called “relaxed” standard by which a burden is placed on the party demanding
the shuffle to somehow prove a lack of randomness in the jury panel.  This
begs the question of just how bad does the panel have to be before it crosses
over into hypothetical “unrandomness.” 
Engaging in such esoteric arguments is a valid reason for laypersons to
make fun of our jury system.  

          The
worst part of this “relaxed” harm analysis, however, is that, absent an
egregious “unrandom” initial jury panel, the trial court’s response to the
shuffle demand is essentially discretionary.  As the Court of Criminal
Appeals has candidly explained, such discretionary rulings are essentially the
trial court’s limited right to be wrong.  Montgomery v. State, 810
S.W.2d 372, 380 (Tex. Crim. App.1990 & 1991).  When the rule says
“shall” and the appellate courts allow the trial courts to ignore the plain
meaning of that word, then the trial court has no law to follow.  Because
I believe that judges should be impartial, I respectfully dissent to a
relaxation of a clear duty into “do what you want.”  I doubt many trial
judges want that freedom.

Accordingly, I would hold that the
trial court’s denial of a jury shuffle was error and reverse and remand for a
new trial.  See Tex. R. App. P.
44.1(a)(2).  

 

                                                                   Jim
Sharp

                                                                   Justice


 

Panel consists of Justices Keyes, Sharp, and Massengale.

 

Justice Sharp, dissenting. 

 

 











[1]           See Tex.
Gov’t Code Ann. § 22.003(d) (West 2004) (“The supreme court from time to
time shall promulgate suitable rules, forms, and regulations. . . .”); id. § 22.004(a) (“The supreme court has
the full rulemaking power in the practice and procedure in civil actions,
except that its rules may not abridge, enlarge, or modify the substantive
rights of a litigant.”); see also Tex. Const. art. V, § 31(b) (“The
Supreme Court shall promulgate rules of civil procedure for all courts not
inconsistent with the laws of the state as may be necessary for the efficient
and uniform administration of justice in the various courts.”).





[2]           Article
35.11 of the Texas Code of Criminal Procedure guarantees a party’s right to a
jury shuffle in a criminal case.  Tex. Code Crim. Proc. Ann. art. 35.11 (West 2006).  





[3]           Although Jackson argues that the lack
of a jury shuffle kept prospective jurors that she considered more desirable
off the panel, she also contends that
she was forced to accept two objectionable jurors that she would have struck,
had she not already exhausted all of her peremptory challenges.  Accordingly, Jackson has done more than simply
allege that the “jury would have been composed of different jurors had [her]
request been granted.”  See Rivas v. Liberty Mut. Ins. Co., 480 S.W.2d 610, 612 (Tex. 1972).





[4]           Citing
to Cortez v. HCCI-San Antonio, Inc., 159 S.W.3d 87 (Tex. 2005), Jackson also argues that we should
presume harm in this case.  Despite the Cortez court’s use of the term “presume
harm”, neither Cortez nor Crown
Life Ins. Co. v. Casteel, 22
S.W.3d 378 (Tex. 2000), the case upon which it relies, stand for the
proposition that the errors complained of in those cases were immune to a
harmless error analysis.  Rather, the Casteel court reasoned that, because the
complained-of error was such that it prevented the reviewing court from
determining the impact of the error, the error was harmful under the Supreme Court’s harmless error rule because
it probably prevented the litigant from presenting his case on appeal.  See
Casteel, 22 S.W.3d at 388 (citing
Tex. R. App. P. 61.1(a) and
holding “that when a trial court submits a single broad-form liability question
incorporating multiple theories of liability, the error is harmful and a new
trial is required when the appellate court cannot determine whether the jury
based its verdict on an improperly submitted invalid theory”); Cortez,
159 S.W.3d at 91 (citing Casteel and stating “Here, we do not
know why veniremember 7 was objectionable. 
But as in Casteel, we cannot know for certain that his inclusion
did not affect the verdict, so we presume harm.”)





[5]           The word
“demand” is from Rule 223 itself.  Presumably the Texas Supreme Court
appreciated the distinction when it allowed a party to demand—not
request—action from a trial court.