**Tina DEESE, Appellant,**

v.

**COMBINED SPECIALTY INSURANCE COMPANY, Appellee.**

**No. 05–10–00707–CV.**

Court of Appeals of Texas, Dallas.

Oct. 26, 2011.

Michael P. Doyle, Kim Goodling, Quentin Haag, Doyle Raizner, LLP, Alan Brandt Daughtry, Houston, for Appellant.

Dean George Pappas, Mary M. Markantonis, Pappas & Suchma, P.C., Houston, for Appellee.

Before Justices FITZGERALD, FRANCIS, and LANG–MIERS.

## OPINION

Opinion By Justice LANG–MIERS.

This case arises from a workers' compensation claim filed by appellant Tina Deese.[1] Deese's claim was contested by appellee Combined Specialty Insurance Company ("CSI"), Deese's employer's workers' compensation insurance carrier. After a hearing, an officer of the Texas Workers' Compensation Commission ("TWCC") (1) found that Deese sustained a compensable injury and was disabled, and (2) ordered CSI to pay Deese medical and income benefits in accordance with his decision. After CSI unsuccessfully appealed to an appeals panel of the TWCC, CSI filed this suit for judicial review and the case was tried to a jury, which found in favor of CSI. In a single issue on appeal Deese argues that the trial court erred when it denied her motion for mistrial. We affirm.

### BACKGROUND

**Deese's Motion for Mistrial**

Deese's complaint on appeal arises from the following exchange, which occurred after the jury was empaneled, after the parties made opening statements, and at a break during a witness's testimony:

> THE COURT: ... I've noticed, only because my bailiff pointed out to me, that we skipped a panel member, Panel Member Number 3, Enedina—actually—... Enedina Delatorre, Juror Num-

---

1. This is the second appeal in this case. *See Combined Specialty Ins. Co. v. Deese*, 266 S.W.3d 653 (Tex.App.-Dallas 2008, no pet.).

ber 3, had been originally marked for cause which had been stricken on my list; she should have been Juror Number 2 and seated on the panel and she was not.

(Sotto voce discussion ensued.)

THE BAILIFF: For the record the bailiff did not make that mistake.

(Laughter.)

THE COURT: Thank you. I'm not sure that there's anything that we can— Obviously the only thing we can do about this at this point would be declare a mistrial and start over again which we would have to do tomorrow if that's either party's preference. [Counsel for CSI], what do you think?

[Counsel for CSI]: May I confer with my client?

THE COURT: Sure.

[Counsel for Deese]: May I also confer with my client?

THE COURT: You may.

[Counsel for Deese]: Appreciate that, your honor.

(Pause in the proceedings.)

THE COURT: [Counsel for CSI]?

[Counsel for CSI]: We'll proceed, Judge.

THE COURT: All right. [Counsel for Deese]?

[Counsel for Deese]: We move for a mistrial, Judge.

THE COURT: All right.... Actually, I'm going to deny the motion for mistrial.

[Counsel for CSI]: Thank you, Your Honor.

THE COURT: We're going to proceed.

**Deese's Motion for New Trial**

After the jury returned a 10–2 verdict in favor of CSI, Deese filed a motion for new trial in which she complained about, among other things, the trial court's failure to empanel venire panel member number three as juror number two. After a hearing the trial court issued an order denying Deese's motion for new trial.

ANALYSIS

■ On appeal Deese argues that the trial court violated Texas Rule of Civil Procedure 234 when it failed to empanel venire panel member number three as juror number two, and that Deese was deprived of a jury properly constituted under article V, section 13 of the Texas Constitution and under Texas Government Code section 62.201.

■ We review the trial court's denial of a motion for mistrial under an abuse of discretion standard. *See In re J.A.*, 109 S.W.3d 869, 874 (Tex.App.-Dallas 2003, pet. denied). A trial court abuses its discretion when it acts in an arbitrary or unreasonable manner or without reference to any guiding rules or principles. *See id.* (citing *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985)).

This case is analogous to *Wells v. Barrow*, 153 S.W.3d 514 (Tex.App.-Amarillo 2004, no pet.). In *Wells* the trial court clerk mistakenly omitted one venire member's name when she called the names of the panel members who would compose the jury, resulting in another panel member serving on the jury. "Neither party brought the error to the attention of the trial court at the time," and after the jury returned a unanimous verdict in favor of the plaintiffs, the defendant filed a motion for new trial in which she argued that "the jury was not properly selected." *Wells*, 153 S.W.3d at 516. After the trial court denied the defendant's motion for new trial, she appealed. On appeal the defendant argued that the jury "was not selected in substantial compliance with the Rules of

Civil Procedure" and that exclusion of the unstruck venire member from the jury panel "violated her constitutional right to 'select a jury.'" *Id.* at 516–17. Our sister court rejected the defendant's arguments and essentially held that while a party has a right to an impartial jury, it does not have "a right to have particular persons serve on the jury." *Id.* at 517. We agree.

Like the juror mistakenly empaneled in *Wells*, the juror mistakenly empaneled in this case was not challenged for cause during voir dire, and no contention was made that the juror was disqualified for any reason. *See id.* at 516. As a result, we cannot conclude that the trial court abused its discretion when it denied Deese's motion for mistrial.

### CONCLUSION

We resolve Deese's sole issue against her and affirm the trial court's judgment.