**AFFIRMED and Opinion Filed August 4, 2022**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

---

### No. 05-20-00665-CV

---

**PHOENIX THERA-LASE SYSTEMS, LLC, Appellant**

**V.**

**CUREWAVE LASERS, LLC, DANIEL HERBERT, LASER CONCEPTS, LLC AND LYLE BLACKWOOD, Appellees**

---

**On Appeal from the 162nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-17-11292**

---

## MEMORANDUM OPINION

Before Justices Pedersen, III, Goldstein, and Smith
Opinion by Justice Goldstein

Phoenix Thera-Lase Systems, LLC appeals the trial court's judgment that Phoenix take nothing on its claims against CureWave Lasers, LLC, Daniel Herbert, Laser Concepts, LLC, and Lyle Blackwood. In two issues, Phoenix argues the trial court abused its discretion in failing to grant a mistrial following Herbert's violation of a motion in limine and erred in excluding evidence that would have impeached Herbert's testimony. We affirm the trial court's judgment.

Phoenix is a medical laser technology company formed in 2012 by Gary Bellinger, Phoenix' majority owner and inventor of its technology. Phoenix hired

Herbert as an independent sales representative and Blackwood as a sales and marketing representative. Both Herbert and Blackwood signed confidentiality and non-disclosure agreements. In early 2015, Herbert and others approached Phoenix about forming a new company, CureWave, that would license Phoenix' confidential information and trade secrets and in which Phoenix would have majority ownership. Phoenix terminated Herbert in August 2015 because it appeared the investment opportunity was an attempt to gain access to Phoenix' confidential and proprietary business information. Blackwood was terminated in January 2016 following a dispute concerning commission payments.

In August 2017, Phoenix filed the underlying lawsuit. In April 2018, Phoenix filed its second amended petition alleging Herbert formed CureWave to directly compete with Phoenix after his termination and misappropriated Phoenix' confidential and proprietary information. Phoenix further alleged that Blackwood engaged in a conspiracy with Herbert and CureWave to misappropriate Phoenix' trade secrets and confidential and proprietary business information. Phoenix asserted claims of trade secret misappropriation, breach of contract, fraud, conversion, tortious interference with contract, tortious interference with business relations, unfair competition, unjust enrichment, and conspiracy.

On March 9, 2020, the trial court signed an order on the parties' motions in limine. The order granted Phoenix' motion in limine as to any reference to "any criminal acts, history, or arrests of any parties and/or witnesses prohibited by Texas

–2–

Rules of Evidence 404(b)(1)" and "[c]riminal convictions of any parties and/or witnesses greater than ten years ago, as excluded under Texas Rules of Evidence 609(b)." The order also prohibited "Questions, testimony, statements, evidence, or argument construing CureWave's laser systems as not approved by, cleared by, or exempted by the Food and Drug Administration."

At trial, during Herbert's direct examination by Phoenix' counsel, counsel noted that Bellinger, Phoenix' founder and majority owner, was not copied on an email referring to "a new company" that would be a subsidiary of Phoenix. Herbert responded that "we're getting a plan to work around a couple of pimples we had on our record." Counsel asked what "pimples" Herbert was referring to, but counsel immediately excused himself and stated, "Strike that question." Counsel asked Herbert if he was working with Dave Power, Phoenix' former president, "to essentially cut out" Bellinger from the new company, and Herbert answered, "Not at all." Counsel asked about another email containing a partnership agreement that Herbert sent to Power without copying Bellinger. After establishing that the partnership agreement was not used, counsel asked whether Herbert ever went into business with Power. Herbert answered:

> No. Dave and I were working with Mark Dorian with some investors, and we had to cover up – because Mark Dorian had to relay everything and he couldn't talk about the two felonies that Gary Bellinger had. Phoenix' counsel immediately objected and, following an off-the-record discussion at the bench, stated "I withdraw that question, Your Honor."

–3–

Nevertheless, Phoenix' counsel continued to ask Herbert whether "at this point, Mr. Bellinger doesn't know what you're doing; is that correct? You haven't looped him in?" Herbert's counsel objected to this line of questioning as "violating one of the limine topics." The trial court overruled the objection and said, "We can talk about that outside the presence of the jury." Phoenix' counsel next confirmed with Herbert that he "wanted to have a subsidiary created for Phoenix Thera-Lase." At that time, Herbert testified, everybody was "on board with this plan," and Bellinger was "now involved."

During a pause in the proceedings and outside the presence of the jury, Phoenix' counsel complained that Herbert, "in violation of the motion in limine regarding felonies over ten years old . . . blurted out that it was about two felonies." Counsel argued this was "unduly prejudicial to the jury" and moved for a mistrial. Herbert's counsel responded that Phoenix' counsel "opened the door" to the issue of Bellinger's "felony background." The trial court then made the following oral ruling:

> Okay. Thank you. The Court has considered the request for a mistrial and it is denied. With respect to No. 29, as I discussed with counsel at the pretrial conference, the reason for that motion in limine is that it was not apparent to the Court that any of those acts were relevant at that time. When Plaintiff's counsel brought up leaving Mr. Bellinger off e-mails and why they were working around him, as I communicated in the -- outside the presence of the jury, with counsel in sidebar, that elicited a response that would allow Defendants to clarify the reason they believed that that action was taking place. Therefore, putting into the case and making relevant whether or not there were some criminal acts that they believed required that they not include him on the future

–4–

partnership corporate activities. Therefore, the request for a mistrial is denied. And to the extent that that becomes relevant to clarify the reason that Mr. Bellinger was not on the e-mails and was not asked to sign the partnership agreement, those questions will be allowed.

During his testimony, Herbert repeatedly stated that his company, CureWave, was "exempt cleared" by the FDA, "FDA cleared on July 14, 2017," and otherwise "cleared" by the FDA. Phoenix repeatedly tried to introduce into evidence for impeachment purposes a warning letter from the FDA showing that CureWave was not cleared by the FDA and CureWave's response to the warning letter. Following a jury verdict in favor of appellees, the trial court entered judgment that Phoenix take nothing on its claims. Phoenix' motion for new trial was overruled, and this appeal followed.

In its first issue, Phoenix argues the trial court abused its discretion in failing to grant a mistrial following Herbert's violation of the motion in limine. Specifically, Phoenix asserts that Herbert's violation of the motion in limine "substantially and irreparably prejudiced [Phoenix] in front of the jury when [Herbert] gave unnecessary and unduly prejudicial testimony regarding Bellinger's alleged criminal history."

A motion in limine is a procedural device that provides a party an opportunity to know in advance the evidentiary rulings the court will make during trial before the evidence is presented. *Weidner v. Sanchez*, 14 S.W.3d 353, 363 (Tex. App.—Houston [14th Dist.] 2000, no pet.). By obtaining pretrial rulings, the opposing party is prevented from asking prejudicial questions in front of the jury without first asking

the trial court's permission. *Id.* A party complaining of a limine violation must object immediately after the information it sought to be excluded is revealed. *Id.* at 364-65. The objecting party must also request the court to instruct the jury to disregard the evidence. *State Bar of Tex. v. Evans*, 774 S.W.2d 656, 658 n.6 (Tex. 1989). Error is waived if there is no timely objection and request for an instruction to disregard, unless the error is incurable. *Id.*

We review the trial court's denial of a motion for mistrial under an abuse of discretion standard. *Deese v. Combined Specialty Ins. Co.*, 352 S.W.3d 864, 866 (Tex. App.—Dallas 2011, no pet.). A trial court abuses its discretion when it acts in an arbitrary or unreasonable manner or without reference to any guiding rules or principles. *See id.*

Here, Phoenix' counsel objected immediately to Herbert's reference to "two felonies." However, counsel did not request an instruction to disregard; instead, following an off-the-record discussion at the bench, counsel withdrew the question that elicited the complained-of response. To the extent counsel did not request an instruction to disregard, any error is waived. *See Evans*, 774 S.W.3d at 658 n.6. Moreover, the record is clear that the trial court determined Phoenix "[put] into the case and [made] relevant whether or not there were some criminal acts" that led to Bellinger not being included "on the future partnership corporate activities." On that basis, the trial court overruled Phoenix' motion for mistrial. Under these circumstances, we conclude the trial court did not abuse its discretion in overruling

Phoenix' motion for mistrial. *See Deese*, 352 S.W.3d at 866. We overrule Phoenix' first issue.

In its second issue, Phoenix argues the trial court abused its discretion in failing to allow Phoenix to introduce the FDA warning letter and Herbert's response in order to impeach Herbert's testimony that CureWave was "cleared" by the FDA.

The decision whether to admit or exclude evidence is committed to the sound discretion of the trial court. *City of Brownsville v. Alvarado*, 897 S.W.2d 750, 753 (Tex. 1995). "A trial court's evidentiary ruling must be upheld if there is a legitimate basis for it." *May v. Buck*, 375 S.W.3d 568, 573–74 (Tex. App.—Dallas 2012, no pet.) (citing *Owens–Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998)). Even if the exclusion or admission of evidence is found to be an abuse of discretion, it does not warrant reversal unless the error probably caused the rendition of an improper judgment. *See id.*

In this case, Phoenix' claims were based on allegations that Herbert formed CureWave to directly compete with Phoenix after his termination and misappropriated Phoenix' confidential and proprietary information. Phoenix further alleged that Blackwood engaged in a conspiracy with Herbert and CureWave to misappropriate Phoenix' trade secrets and confidential and proprietary business information. Whether or not CureWave was "cleared" by the FDA was not relevant to the issues of whether Herbert and others misappropriated Phoenix' confidential and proprietary information and used it against Phoenix. We conclude this lack of

relevance formed a legitimate basis for excluding evidence concerning whether CureWave was "cleared" by the FDA. *See id.* In addition, we note that the trial court's order on the parties motions in limine prohibited "Questions, testimony, statements, evidence, or argument construing CureWave's laser systems as not approved by, cleared by, or exempted by the Food and Drug Administration." We overrule Phoenix' second issue. Because of our disposition of Phoenix' issues, we necessarily reject its argument that the trial court erred in failing to grant its motion for new trial. *See* TEX. R. CIV. P. 320 (new trials may be granted and judgment set aside for good cause); *In re Columbia Med. Ctr. of Las Colinas, Subsidiary, L.P.*, 290 S.W.3d 204, 210 (Tex. 2009).

We affirm the trial court's judgment.


/Bonnie Lee Goldstein/
BONNIE LEE GOLDSTEIN
JUSTICE

200665F.P05



# Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

PHOENIX THERA-LASE
SYSTEMS, LLC, Appellant

No. 05-20-00665-CV     V.

CUREWAVE LASERS, LLC,
DANIEL HERBERT, LASER
CONCEPTS, LLC AND LYLE
BLACKWOOD, Appellee

On Appeal from the 162nd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-17-11292.
Opinion delivered by Justice
Goldstein. Justices Pedersen, III and
Smith participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee CUREWAVE LASERS, LLC, DANIEL HERBERT, LASER CONCEPTS, LLC AND LYLE BLACKWOOD recover their costs of this appeal from appellant PHOENIX THERA-LASE SYSTEMS, LLC.

Judgment entered this 4th day of August 2022.